## JOINER *et al. vs.* BORDERS.

1. The act of entering upon a tract of land, splitting a few hundred rails, and enclosing and ploughing an acre or two, without planting or cultivating anything on the land, and then abandoning it entirely for three years, is in law a simple trespass. Such act, after a lapse of three years, can not be connected with four years of actual, adverse possession, so as to constitute seven years' adverse possession.
2. To perfect a statutory title, under color of title, there must be adverse and *continuous* possession for seven years.

Ejectment, in Taylor Superior Court. Tried before Judge WORRILL, at October Term, 1860.

The facts of this case are stated in the opinion of the Court.

*By the Court.*—JENKINS, J., delivering the opinion.

The plaintiff, Borders, having sufficiently accounted for the absense of the original, put in evidence a copy of a grant from the State of Georgia to himself, proved possession in the defendant at the time of the commencement of the action, proved the *locus in quo* and closed. The defendant pleaded the statute of limitations, and relied upon seven years' possession, under color of title. The color of title was sufficiently shewn. The question in the case, was as to the sufficiency of the evidence of possession. The proof on that point is, that two persons, as tenants of the defendant, in the month of June, 1851, entered upon the land, split rails, enclosed about an acre and a half of land, and ploughed or broke up the land enclosed, but planted nothing. It was then abandoned until 1854, when the same tenants built

houses, each for himself, as such tenant, and occupied the houses so built, continuously, until the trial. Plaintiff's actions against them, (afterwards consolidated,) were commenced on the 6th day of August, 1858, a little more than seven years from the time of first entry on the land, and the enclosure in 1851. During the three years intervening the making of that small enclosure and the actual settlement in 1854, there is no evidence that the defendant below ever entered upon the land. The case turned upon the question of adverse possession in the defendant, for a period of seven years anterior to the commencement of plaintiff's actions.

The Court charged the jury, that under the above state of facts, there was no adverse possession, sufficient to sustain defendant's plea, prior to 1854. To this charge, plaintiff in error excepts. In Morrison *et al.* vs. Hays, 19 Ga. Rep., 294, this Court held, that "one of the necessary elements of adverse possession is its continuity."

In Holcombe vs. Austell *et al.*, 19 Ga. Rep., 604, it was held, that "possession cannot give title under the statute of limitations, if the possession is not continuous and adverse." There, as here, was color of title. There, as here, the defendant, asserting adverse possession, had entered upon the land more than seven years before the commencement of the action. There he had erected a still-house on the land, and had distilled peach brandy there, in the peach season, from 1837 to 1846, a period of nine years. After that, he made no use of it until 1849, when he improved it, moved upon it, and had occupied it continuously, until the commencement of the action in 1850. Judge Benning, delivering the opinion, says : " The *first* possession of Holcombe, (the defendant,) was not continuous ; and such as it was, it was that of a trespasser, a mere squatter. And the possession of a mere trespasser is to be deemed in subordination to the right of him who has the true title. This possession, too, was confined to the mere spot on which the still-house stood." That was a much stronger case of adverse possession than this. It is contended here, that the mere act of splitting a few hundred rails, enclosing and ploughing an

acre and a half, nothing more, was enough of adverse possession to cover a period of three years. If three years, why not seven? It is thus apparent to what an absurd conclusion of law this argument would lead.

Judgment affirmed.