O'Brien *v.* Capwell.

[ALBANY SPECIAL TERM, June 27, 1871. *Learned*, Justice.]

O'BRIEN *vs.* CAPWELL.

59b 497
f64ad800

In cases of negligence consisting of mere omission of duty, where no affirmative fault, misfeasance or affirmative wrong was committed by the defendant, or is imputed to him, it is essential, to sustain a recovery, to establish that the defendant owed some clear, specific legal duty to the party injured, which was violated.

As between landlord and tenant, the law is well settled, when there is no fraud or false representations, or deceit, and in the absence of an express warranty or covenant to repair, that there is no implied covenant that the demised premises are suitable or fit· for occupation, or for the particular use which the tenant intends to make of them, or that they are in a safe condition for use.

· The principle of *caveat emptor* applies to all contracts for the letting of property, real, personal or mixed, as much as to contracts of sale, with one or two recognized exceptions.

Where there is no covenant on the part of a lessor to repair the buildings upon the demised premises, he is not liable to respond in damages to a servant of the tenant, for injuries sustained by reason of a want of repairs.

When a lessor is under no obligation to repair the premises, and their condition is equally as well known to the tenant as to him, there is no basis for an action against him, for negligence, by the tenant or any servant of his, or person standing in his place, arising from the fact that the premises were out of repair.

APPEAL from an order of the city court of Brooklyn, denying a motion for a new trial, and from a judgment in favor of the plaintiff, entered on the verdict of a jury.

The action was for damages sustained by the plaintiff by a fall from a piazza, or verandah, extending across the rear of a dwelling house, owned by the defendant, and occupied at the time by a tenant by the name of Wade, under a written lease for one year. The plaintiff was a washerwoman, in the employ of the tenant. While suspending clothes upon the railing of the back piazza of the house, it gave way, and she fell and broke her arm. The action was tried in the Brooklyn city court, where the plaintiff recovered a verdict of $350, which, upon notice for that purpose made, the court refused to set aside and grant a new trial; and from this order the defendant appealed, and also from the judgment entered up thereon.

*A. B. Capwell*, appellant, in person.

I. From the evidence, it is clear that the plaintiff was, at the time of the accident, the servant, and in the employment of Mrs. Wade, the wife of the tenant, and that she was upon the premises without the knowledge or consent of the defendant.

There was no privity of contract between the plaintiff and defendant, from which any duty could be inferred, or obligation imposed upon the defendant, by law. The most that can be claimed for the plaintiff is that, as the employee of the tenant, she may be permitted to assert such rights as the tenant might have against the landlord.

II. As between the tenant and the owner, no claim for damages could be sustained. The injury is alleged to have arisen from want of repairs to the premises leased. The plaintiff's witness, Mrs. Wade, swears that the condition of the premises was the same when she moved in, as at the time of the accident. 1. The tenant, knowing

the condition of the premises, rented them as they were, without requiring the owner to covenant to repair or keep the premises in repair. No obligation, express or implied, rested upon the landlord to repair. (*Kastor* v. *Newhouse*, 4 *E. D. Smith*, 20.) 2. A landlord is in no case bound to repair, unless by force of an express covenant or contract. And though rented for a specific purpose, there is no implied contract or covenant, that the building is or shall continue to be fit for such purpose. (*Howard* v. *Doolittle*, 3 *Duer*, 464.) In this case the court says, in regard to repairs: "It is not a duty which the law considers as flowing from the relation of the parties, or which can be implied from the nature of their contract." (*Casey* v. *Mann*, 5 *Abb.* 91.) 3. There is no implied covenant or warranty on the part of the lessor of a dwelling house, that the premises are, or will continue to be, safe or tenantable. (*Cleves* v. *Willoughby*, 7 *Hill*, 83. *Post* v. *Vetter*, 2 *E. D. Smith*, 248. *Libby* v. *Talford*, 48 *Maine*, 316. *Estep* v. *Estep*, 22 *Ind.* 114.) 4. The rule *caveat emptor* applies to such a case. (*Clews* v. *Willoughby*, *supra*. *Westlake* v. *DeGraw*, 12 *Wend.* 669. *Howard* v. *Doolittle*, 3 *Duer*, 464. *McGlashan* v. *Tallmadge*, 37 *Barb.* 313, 315. *Johnson* v. *Dixon*, 1 *Daly*, 178. *Dutton* v. *Gerish*, 9 *Cush.* 86. *Foote* v. *Poyer*, *Id.* 242. *Wells* v. *Castle*, 3 *Gray*, 323. *Sutton* v. *Temple*, 12 *Mees. & W.* 52. *Hart* v. *Windsor*, *Id.* 68.)

III. In this case the plaintiff cannot rely upon any undefined, hazy or imaginary duty or obligation supposed to be imposed by law upon the defendant. It is undoubtedly true that there is a distinction between an action on contract and an action of tort, and the counsel for the defendant will hardly claim that an action for damages for negligence is based upon express contract. What the defendant does claim, is that as he was under no legal obligation to repair the premises, the law imposes no duty or obligation upon him to respond in damages for injuries received by a servant of his tenant in possession, by reason

of a want of repairs, or of the insufficiency of the structure upon the premises leased. In *Mayor* v. *Cunliff*, (2 *Comst.* 175,) which was an action on the case, against the city of Albany, as builder of a bridge, brought by one who was injured by its fall, the evidence showed that the fall of the bridge was occasioned by the careless and unsafe manner of its construction, but that it was in the possession of another, at the time of the accident. Bronson, J., says: "No case has been produced, and I hazard little in saying that none can be found, where an action like the one before us has been maintained against a party who was not under a legal obligation to repair, or see that repairs were made." (*Robbins* v. *Jones*, 109 *Eng. Com. L.* 220.)

IV. The exceptions to the rulings of the judge on the trial were well taken. 1. The judge erred in refusing to dismiss the complaint. (*Casey* v. *Mann*, 5 *Abb.* 91.) 2. It was error to refuse to charge, as requested by the defendant, "that the tenant having rented the premises as they were, without any covenant on the part of the defendant to repair, cannot claim damages from the defendant, arising from the want of repairs." (*Kaston* v. *Newhouse*, 4 *E. D. Smith*, 20.) 3. It was error to refuse to charge, as requested by the defendant, "that the defendant having leased the premises for a dwelling house, without covenants to make repairs, and the same being in possession of the tenant at the time of the accident, the defendant is not liable to the plaintiff for any injuries received upon the premises in consequence of their being out of repair, or from the insufficiency of the structures thereon." (*See cases cited under second point.*) 4. The judge erred in charging the jury as requested by the plaintiff.

V. The authorities cited by the plaintiff's counsel on the trial are clearly distinguishable from this. They all refer to cases of nuisance, public or private, such as interruption of water from the roof, flowing lands, openings or obstructions in a public highway or navigable river. 1. In these

O'Brien *v.* Capwell.

cases owners are held responsible as insurers, for unlawfully using the highway or interfering with the rights of others. Such are the following cases : *Rosewell* v. *Prior,* (1 *Lord Raym.* 713 ; *and S. C.,* 2 *Salk.* 460 ;) *Cheetham* v. *Hampson,* (4 *T. R.* 318 ;) *Bellows* v. *Sackett,* (15 *Barb.* 96 ;) *Blunt* v. *Aikin,* (15 *Wend.* 522 ;) *Waggoner* v. *Jermaine,* (3 *Denio,* 312 ;) *Moody* v. *The Mayor,* (43 *Barb.* 282 ; *S. C.,* 34 *How. Pr.* 288.) 2. Another class of cases cited involves the strict rule applicable to carriers of passengers, and hirers of machinery, &c., in which absolute warranty is an element of the contract. (*Weed* v. *Panama R. R. Co.,* 17 *N. Y.* 362. *Bremner* v. *Williams,* 1 *Car. & P.* 414. *Alden* v. *N. Y. Cent. R. R. Co.,* 26 *N. Y.* 102. *Cook* v. *Dry Dock Co.,* 1 *Hilton,* 445.) 3. But no such principle is applicable to persons standing in the relation that the parties to this action occupy toward each other. No case can be found in which the owner of premises is held to be an insurer of the sufficiency of his structures thereon.

*John H. Bergen,* for the respondent.

I. The evidence clearly established the negligence of the defendant in erecting, maintaining and upholding the piazza in an unsafe and dangerous condition. This made him liable. · 1. The piazza was in an unsafe and dangerous condition when he leased the house to Wade. 2. He promised the tenant, on the 2d or 3d of May, when complaint was made of the condition of the piazza, that "he would attend to it." (*Izon* v. *Gorton,* 5 *Bing. N. C.* 501.)

II. The principle, that "the owner of the premises is liable for injuries sustained by an individual, by reason of the defective construction, and dangerous condition of the premises, notwithstanding the premises are, at the time, in the possession of a tenant, who has covenanted to keep them in repair, if the defect existed when the owner leased the property to him, is well settled. (*Moody* v. *The Mayor,* 43 *Barb.* 282. *Rosewell* v. *Prior, Salkeld,* 460. *S. C.*

*fully reported,* 1 *Ld. Raym.* 713. *Cheatham* v. *Hampson,* 4 *T. R.* 318. *Johnson* v. *Dixon,* 1 *Daly,* 178.)

III. This case is still stronger, because here the tenant did not covenant to repair, and the defendant, by the terms of the lease, reserved the right to enter to make repairs.

IV. It was proper to bring the action against the owner, and he is clearly liable. (*Bellows* v. *Sackett,* 15 *Barb.* 103, *and cases cited. Wagner* v. *Jermiane,* 3 *Denio,* 306, 312. *Cooke* v. *President &c.,* 1 *Hilt.* 436. *The Mayor &c.* v. *Cunliff,* 2 *Comst.* 165, 180. *The Mayor &c.* v. *Bailey,* 2 *Denio,* 433. *Eakin* v. *Brown,* 1 *E. D. Smith,* 43, 44, 46.)

V. This case, on the evidence, is a much stronger one against the defendant than any of the authorities cited above: 1. Because, here, there was no covenant on the part of the tenant to repair. 2. The landlord reserved the right, by the terms of the lease, to enter and make repairs. 3. By the terms of the lease, the tenant covenanted not to make any alterations to the premises. 4. Express personal notice, to the defendant, of the dangerous condition of the premises, was proved at the time the lease was made, and he promised to attend to it. 5. He was bound by his promise so made to make repairs.

VI. So far as the plaintiff is concerned, who is a stranger, the defendant is liable for the injury she sustained, irrespective of his duty to make repairs, as between himself and his tenant. 1. He has erected and maintained, and upheld a nuisance on his premises, and that nuisance caused the injury to the plaintiff. 2. He was notified of the nuisance; promised to abate it, but did not. 3. The doctrine of *caveat emptor* has no application to the facts of this case.

VII. The landlord is not compellable to make repairs, without an express covenant so to do. But if he does not keep his premises in a safe condition, he is liable to third persons for any injury they sustain, arising from such defect. The piazza in question was rotten and decayed when

O'Brien *v.* Capwell.

the premises were let, and the defendant had notice of its condition at that time. He erected the nuisance by renting it in that dangerous condition, and he maintained and upheld it by not repairing it after he had received the notice, and by collecting rent after such notice. Again; the defendant is clearly liable, under the reasoning of the cases of *Storrs* v. *Utica*, (17 *N. Y.* 104;) *Creed* v. *Hartmann*, (29 *id.* 591;) *Congreve* v. *Morgan*, (18 *id.* 85;) *Congreve* v. *Smith*, (*Id.* 79;) *Lowell* v. *Boston and L. R. R.*, (23 *Pick.* 24;) *Earll* v. *Hale*, (2 *Metc.* 353;) *Stone* v. *Codman*, (15 *Pick.* 297;) *Robbins* v. *Chicago*, (4 *Wall.* 678.) He let the premises in a dangerous condition, had notice of the condition, promised to attend to it, and repair it, but did not.; he is liable on his promise.

A landlord is just as liable for a trap created on his own premises, when he is notified of it, and agrees to abate it, as he is for one he creates in the sidewalk in front of his premises, at least to a third party who is lawfully on his premises.

*By the Court*, E. DARWIN SMITH, J. This action is one for negligence. It was brought, as the cause of action is stated in the complaint, upon the ground that the defendant, being the owner of the premises when the plaintiff sustained her injury, "had negligently, carelessly and wrongfully allowed the piazza, platform, railing and stairs, upon said demised premises, to become decayed and out of repair; and that by reason of such decay and want of repair, the same were unsafe at the time of the accident, and had been so unsafe for a long time previous thereto, and unfit for use, as the defendant well knew, and were carelessly, negligently and wrongfully allowed to so remain, by said defendant." The charge of the judge, at the trial, substantially affirmed this view, in respect to the defendant's. negligence, and the verdict under the charge was doubtless based upon this ground. The negligence

thus imputed and found, is the negligence of mere omis-
sion of duty. In such case, where no affirmative fault,
misfeasance or affirmative wrong was committed by the
defendant or is imputed to him, it is essential to sustain a
recovery, to establish that the defendant owed some clear,
specific, legal duty to the party injured, which was violated.
(*Nicholson* v. *The Erie R. Co.*, 41 *N. Y.* 529.) Upon this
point, I think it is clear that the defendant owed no legal
duty to the plaintiff. There were not, as between them
personally, any relations involving reciprocal duties, more
than existed as between mere strangers. But assuming,
as I think we should upon this point, that she was a serv-
ant of the tenant, and stood in his place, the question is
then narrowed to the simple inquiry whether there existed
any duty on the part of the defendant to his tenant, which
would have entitled him to maintain this action if he had
suffered the injury, instead of his servant. As between
landlord and tenant, I think the law is well settled when
there is no fraud or false representations or deceit, and in
the absence of an express warranty or covenant to repair,
that there is no implied covenant that the demised prem-
ises are suitable or fit for occupation, or for the particular
use which the tenant intends to make of them, or that they
are in a safe condition for use; and that the principle
of *caveat emptor* applies to all contracts for the letting of
property, real, personal or mixed, as much as to contracts
· of sale, with one or two recognized exceptions, which do
not apply in this case. (*McGlashan* v. *Talmadge*, 37 *Barb.*
314. *Cleves* v. *Willoughby*, 7 *Hill*, 83. *Howard* v. *Doolittle*,
3 *Duer*, 464. *Dutton* v. *Gerish*, 9 *Cush*. 89. *Gott* v. *Gourdy*,
22 *Eng. L. and Eq.* 173.)

In this case there was no covenant on the part of the
landlord to repair. The premises were leased in April,
for one year, and had been occupied safely from May 1st,
by the tenant, until the time of this accident, which oc-
curred on the 31st of October following. The tenant must

have known the situation of the premises long before the accident, and his wife testified that she saw that the lattice work and stairway which gave way was decayed, when she first moved into the house; that the premises were in the same condition when they moved in as when the accident happened; and that she spoke to the defendant early in May on the subject. The defendant being under no obligations to repair the premises, and their condition being equally as well known to the tenant as to him, there is no basis for an action of negligence, by the tenant, or any servant of his, or person standing in his place, arising out of the fact that they were out of repair.

The motion for a nonsuit should have been granted, at the trial, and the judgment should therefore be reversed, and a new trial granted, with costs to abide the event.

[SECOND DEPARTMENT, GENERAL TERM, at Poughkeepsie, June 14, 1870. *J. F. Barnard,* P. J., and *E. D. Smith* and *Daniels,* Justices.]