By the Court.
Gilbert, J.
With respect to the effect of the judgment recovered against the corporation we feel bound to adhere to the decision of the court, in the case of Miller v. White (59 Barb., 504; S. C., 10 Abb. Pr. N. S., 385). That case was deliberately determined, and nothing has been presented on the *185 argument of this case, which was not then duly considered. That decision must stand, therefore, as the rule of law on this subject, until reversed.*
The case shows that this action was not brought until several years after the debt sought to be recovered became due and payable. It also shows, that a suit-was commenced against the corporation and prosecuted to judgment within a year after such debt became due and payable. The question is thus presented whether the defendants are liable. The seventh section of the statute on this subject (Laws of 1865, ch. 368), provides that £$ the trustees of any company or corporation organized under the provisions of this act shall be jointly and severally liable for all debts due from said company or corporation, contracted while they are trustees, provided such debts are payable within one year from the time they shall have been contracted, and provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable.” The respondents contend that the commencement of a suit against the corporation within the year to which the section quoted refers, was a sufficient compliance with the last condition therein contained. We are of opinion, that by a fair and reasonable construction of that section, the trustees are rendered liable for the debts of the corporation only upon condition that a suit to enforce such liability shall be *186 brought within one year after the debt became due and payable. This section creates several qualifications of the liability which it imposes by general words on the trustees, and it is quite manifest that the sole object of each of them was their protection. They are made liable only for debts contracted while they are trustees. They are not made liable for such debts, but only for such as are payable within a year, and then is super-added the further condition that a suit for the collection of the same shall be brought within one year after the same shall become due and payable. The object of this latter condition was to insure prompt action on the part of creditors, so that the trustees might be apprised of the claim made against them, and to afford them a timely opportunity for indemnifying themselves against their liability. The mere commencement of a suit against the corporation would not certainly secure these objects, for it might be commenced by service of process upon an officer of the corporation, and in many cases the facts might not come to the knowledge of the trustees, and the suit might be commenced after they had ceased to be trustees. In the latter case there would be no ground for a presumption of notice of the fact to them. If it had been the intention of the legislature to afford protection to the trustees by means of a notice that a suit had been brought against the corporation, we think the provision would have been couched in language more explicit and better adapted to accomplish the object. They would have required a notice in express terms, as they did in the general railroad act (Laws of 1850, ch. 140, § 12), and in other cases. If they intended that the trustees should derive any other benefit from such a suit, they would have required the creditor to exhaust his remedy, or at least proceed to judgment against the corporation.
Taking the letter of the statute, it may mean either *187 that the suit shall be brought against the corporation or the trustees. The phrase “ a suit for a collection of the same ” indicates nothing one way or the other. It is quite as applicable to a suit against the trustees as to one against the corporation, because the trustees are made liable primarily for the debts, and not, as in most similar cases, only after default of the corporation. Having a due regard, however, to the apparent object of the proviso, the connection in which it stands, and the fact that the subject matter of the section relates exclusively to the liability of the trustees, we think the construction we have given to it is the better one. The statute is in the nature of a penal one ; and this construction is in accordance with the maxim that the general words of a penal statute shall be restrained for the benefit of him against whom it is inflicted (Dwarris, 936; Sedg. Con., 324). We, therefore, think it should govern this case.*
This conclusion renders it unnecessary to consider the other questions presented.
The judgment must be reversed, and a new trial granted at the circuit, with costs to abide the event.

 In the case of Miller v. White, it was held, on a review of the authorities, that the principle must be deemed settled that a creditor, having once established his claim against the corporation by judgment, could not be compelled, in seeking his remedy thereon against stockholders or trustees, to establish the fact of the original indebtedness of the corporation, unless the judgment was impeached for fraud or collusion. This decision was, however, reversed in the court of appeals in November, 1872, upon the ground that it could be no hardship on the creditor to be required to prove his debt again, and to' treat the judgment as conclusive would favor collusive and fraudulent judgments. (Not yet reported.)

 See also Conklin v. Furman, 48 N. Y., 527.