Grover, J.
The plaintiff failed in establishing any liability of the defendant for the injury complained of.
The injury was caused by the explosion of a boiler in an attic kitchen, in a building erected and owned by the defendant, which he had leased to Van Duzer for a term of years, a part of which, including the kitchen, had been sub-let by the lessee to the plaintiff’s husband, by whom it was, at the time, occupied as a residence for himself and family. There was some evidence given tending to show that the explosion would have been prevented had there been a safety-valve properly fixed in the boiler, but none that the defendant knew, or had any reason to suspect, that the boiler was improperly constructed as it was, or that any danger was to be apprehended from its use for the purpose for which it was intended. The lease of the defendant to Van Duzer contained no covenant of the latter to make any repairs of the premises, nor was there any sufficient proof of any such agreement on his part. The defendant having leased the premises to Van Duzer incurred the same liability to his sub-tenants for the safety and sufficiency of the premises for use for the purposes for which they were intended as they were under to him. (Coughtry, adm., v. The Globe Woolen Co.,* in this court [not rep.].)
*401 It is not claimed by the appellant’s counsel that the' obligation to a sub-tenant is, in this respect, any greater than that to the lessee. The fact that the building was erected by the defendant upon a lot previously owned by him imposes no greater obligation than would have existed had he acquired title by purchase, or in any other way, after the erection of the building. The question then is, whether a lessor of buildings, in the absence of fraud, or any agreement to that effect, is liable to the tenant or others, lawfully npon the premises, by his authority, for their condition, or that they are tenantable and may be safely and conveniently used for the purposes for which they were apparently intended. This question must be regarded as settled by authority.
In the following cases it-was held that no such liability existed : Cleves v. Willoughby (7 Hill, 83); O’Brien v. Capwell (59 Barb., 497); Hart v. Windsor (12 M. &. W., 68); Keates v. Cadogan (10 Com. Bench, 591); Robbins v. Jones (15 Com. B. [N. S.], 221); Leavitt v. Fletcher (10 Allen [Mass.], 119). Godley v. Hagerty (20 Penn., 387), cited by the counsel for the appellant, as sustaining a contrary doctrine, was disposed of upon the peculiar facts of the case. It has not been understood by the courts of that State as holding the doctrine contended for by counsel. (See Hazlett v. Powell, 30 Penn., 293.) In the former, some importance was attached to the fact that the building was erected by the defendant. This may have been regarded as proper in that case, as tending to show him guilty of fraud. But nothing; of the kind, is imputed to the defendant in the present case. The cases cited by the counsel for the appellant, holding that one who erects a nuisance upon his premises and afterward parts with the possession of the locus in guo is still liable for injuries caused by the- nuisance, have- no application to this case. There is no reason for holding the lessor, in the absence of any agreement or fraud, liable to the tenant for the present or future condition of the premises, that would not be equally applicable to a similar liability sought to be imposed by a grantee in fee upon his grantor.
*402 The complaint was rightly dismissed by the trial judge, and the judgment of the General Term, affirming the judgment entered thereon, must be affirmed with costs.
All concur.
Judgment affirmed.

 Ante, p. 124.