By the Court.—Sedgwick, Ch. J.
The plaintiff offered to prove that before or at the time of the written lease, the defendant, the landlord, agreed verbally to do repairs of a certain kind, among which the plaintiff claims was repairs of the ceilings. Cleves v. Willoughby (7 Hill, 83), is an approved authority against the admissibility of this. The relation of landlord and tenant being created by the written contract, the law attaches definite obligations to the relation which cannot be changed by a previous oral agreement. There are many other cases to support this, which it is unnecessary to cite.
There is no implied warranty or obligation on the part of the landlord that the premises were in a safe condition for use, or that they would not become unsafe (O’Brien v. Capwell, 59 Barb. 497; approved in Jaffe v. Harteau, 56 N. Y. 398). To this also other cases might be cited. There was no general obligation to repair (Doupe v. Genin, 1 Sweeney, 25 ; affirmed in 45 N. Y. 119, and the cases cited). If the specific enumeration in the lease of certain repairs to be made by the tenant, implied that the tenant was not bound to make other repairs, such as to the ceiling, the implication extended no further than to the tenant’s obligation, and had no relation to those of the landlord. The case would be that the landlord was not bound to repair, and the ten *74 ant was not bound to repair, and that such a condition of things might remain to the end of the term.
If there had been such a contract, its breach would not justify the tenant in recovering damages that were nob within the contemplation of the parties at the time—such as personal injuries from the falling of the ceiling that had not been repaired.
In fact, there is no ground for the claim in the present case that would not exist in favor of a grantee in fee against his grantor. The difference is the quantity of the interest granted.
On the general rules that pertain to a right to damages from negligence of another, it is apparent that the plaintiff knew whatever there was of threatened danger in the state of the ceiling, and voluntarily incurred the risks.
The case of Arnold v. Clark (45 Super. Ct. 252), supports the judgment.
Judgment affirmed, with costs, and order appealed from affirmed, with $10 costs and disbursements to be taxed.
O’Gorman, J., concurred.