(26 Misc. Rep. 755.)

### CAREY v. KREIZER (two cases).

(Supreme Court, Appellate Term. March 24, 1899.)

1. LANDLORD AND TENANT—TENANTABLE PREMISES—IMPLIED WARRANTY.

Where a lease contains no covenant that the premises are tenantable, the lessor is not obliged to make them so, since there is no implied warranty of a lessor that the premises are fit for occupancy.

2. SAME—PAROL AGREEMENT.

Agreements contemporaneous with the execution of a written lease are unavailable to the lessee, since they are regarded as merged in the writing.

3. JUSTICE OF THE PEACE—RENDITION OF JUDGMENT.

Where a cause is submitted to a justice on November 2d, and the decision is rendered on the 10th, the statutory period of eight days, within which a decision must be rendered after submission, is not exceeded.

80

57 NEW YORK SUPPLEMENT                    (Sup. Ct.
and 91 New York State Reporter.

Appeals from municipal court, borough of Manhattan, First district.

Consolidated actions by Samuel Carey, trustee, against Bernard Kreizer. From judgments for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Fromme Bros., for appellant.
John Callahan, for respondent.

LEVENTRITT, J. In September, 1897, the plaintiff leased to the defendant the entire building, known as "No. 86 Cortlandt Street," for a term of five years, commencing the 1st day of May, 1898, at a stipulated annual rental, payable monthly in advance. The rent for the month of May, 1898, was paid at the time of the execution and delivery of the lease. The defendant defaulting in the payment of the rent for the two succeeding months, the first of these actions was instituted. The defendant resisted recovery, alleging breach of contract, in that he could not obtain possession of the demised premises at the beginning of the term, owing to the presence of a mass of timber and rubbish in the building; and he also sought to counterclaim for damages resulting from the refusal of a subtenant to move in on account of the untenantability of the premises. Judgment was rendered in favor of the plaintiff, and from the judgment the defendant has appealed.

We find no error in the determination of the justice. The lease which was offered in evidence contains no express covenant that the premises should be in any particular condition on the 1st day of May, 1898, the date on which defendant was to enter into possession. In the absence of such express covenant, the lessor owed no duty to his lessee to place the subject of the demise in tenantable condition. The principle is so well established as to need no extended citation of authority that there is no implied warranty on the part of the lessor of buildings that they are fit for occupation, or tenantable, or that they may be used for the purposes for which they were apparently intended. The maxim of caveat emptor applies, and the lessee takes the risk, unless he protects himself by express covenant. Cleves v. Willoughby, 7 Hill, 83; O'Brien v. Capwell, 59 Barb. 497; Jaffe v. Harteau, 56 N. Y. 398. The representations testified to by the defendant as having been made by the plaintiff at the time of the execution of the lease are ineffectual to support his claim for damages, inasmuch as the lease is in writing, and its provisions control the rights of the parties so far as relates to any negotiations had, or agreements made, before and at the time of the execution of the lease. All such agreements and negotiations were merged in the written instrument. Wilson v. Deen, 74 N. Y. 531; Ely v. Fahy, 79 Hun, 65, 29 N. Y. Supp. 667. There was thus no breach of covenant on the part of the plaintiff, the defendant had no valid counterclaim in law, and judgment in the first action was properly rendered for the plaintiff.

The second action was instituted to recover the rent of a subsequent month. By stipulation entered on the record, it was agreed by the

attorneys for the respective parties that the evidence adduced on the trial of the first action should stand in all respects for the second, so that the foregoing conclusions apply equally to both actions. The appellant, however, raises the additional point in the second action that the justice did not render his decision within eight days after the submission of the case; that jurisdiction was thereby lost; and that the judgment rendered was therefore void. This contention is not borne out by the return on appeal. It is therein certified by the trial justice that the case was submitted to him on the 2d day of November, 1898, and, as his decision was admittedly rendered on the 10th day of that month, it appears that the statutory period had not been exceeded. The return of the justice in that regard is controlling. The judgments must be affirmed.

Judgments affirmed, with costs to the respondent. All concur.