(46 Misc. Rep. 272)

MEYERS v. LIEBESKIND.

(Supreme Court, Appellate Term. January 17, 1905.)

1. LANDLORD AND TENANT—POSSESSION—COVENANT TO DELIVER—BREACH—RECOVERY OF RENT.

Defendant, having an apartment house in process of construction, leased an apartment therein to plaintiff for one year from October 1, 1904. Plaintiff, on the day the lease was drawn, paid the rent for October in advance, but upon October 1st the building was incomplete, and defendant had not obtained the certificate required by Tenement House Act, Laws 1901, p. 916, c. 334, § 122, which was a condition precedent to occupancy of the building, and had not obtained such certificate at the time of the trial of an action by plaintiff to recover the rent so paid, on October 25, 1904. *Held*, that the lease carried an implied covenant to deliver possession on the date specified, for breach of which plaintiff was entitled to recover the rent paid.

2. SAME—DEFENSES.

    An agreement between a landlord and a tenant, under a lease to begin in the future, that, should the certificate of the tenement house and building department not be delivered in time, the tenant should not hold the landlord responsible for damages owing to "sleeping incapacity," and "rent to be adjusted accordingly as agreed pro rate per month," was no defense to the landlord's liability to repay rent paid in advance, the building not having been sufficiently completed to permit occupancy at the time of the commencement of the term.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Leon S. Meyers against Leon A. Liebeskind. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Black, Olcott, Gruber & Bonynge, for appellant.
J. Charles Weschler, for respondent.

DAVIS, J. The parties to this action on the 9th day of September, 1904, entered into a written lease whereby the defendant let to the plaintiff an apartment consisting of eight rooms and a bath on the third floor of an apartment house then in course of construction for the term of one year from October 1, 1904, at a rental of $125 per month, payable in advance. The plaintiff, on the day the lease was drawn, paid the sum of $125 for the rent of the month of October. Upon October 1st, the plaintiff, upon seeking to obtain possession of his rooms, found that the building was unfinished and incomplete, unfit for occupancy, and that no certificate had been obtained as required by section 122 of the Tenement House Act, c. 334, p. 916, Laws 1901, which prescribes that "no building hereafter constructed as or altered into a tenement house shall be occupied in whole or in part for human habitation until the issuance of a certificate by the department aforesaid that said building conforms in all respects to the requirements of this act." He thereupon demanded the return of the $125 paid by him, and upon refusal by the defendant to comply with such demand brought this action for "money had and received and for breach of contract." The court below rendered a judgment in favor of the defendant, from which judgment this appeal comes up.

It was proven that at the time of the trial (October 25, 1904) the apartments rented to the plaintiff were not ready for occupancy, and it was conceded that the certificate above referred to had not been obtained. The court below bases his decision in favor of the defendant upon decisions of the courts of this state (referring to that of Carey v. Kreizer, 26 Misc. Rep. 755, 57 N. Y. Supp. 79), where the doctrine is enunciated "that, in the absence from the lease of a specific agreement to repair, the rule of caveat emptor applies, and the tenant is bound, irrespective of the neglect of the landlord, to put the premises in condition for the uses contemplated." In this position we think that the learned trial justice was in error. In the line of cases referred to by him the buildings rented were already in existence, and their present condition easily

ascertainable.   In the case at bar the building was being erected, and at the time of the making of the lease had no existence whatever as a dwelling.   This action is not for failure to make repairs, but upon an agreement to "let" the premises to the plaintiff upon October 1, 1904, which agreement carried with it the implied covenant that upon that day the said premises should be fit for occupancy in fact as well as according to law.   Mansfield v. R. R. Co., 102 N. Y. 211, 212, 6 N. E. 386.   The right to a return of the money paid in advance as rent upon the failure of the defendant fully to perform his contract is unquestionable.   Some stress is laid upon another instrument in writing, executed by the parties at the time the lease was made, which was introduced as evidence, and which reads as follows:

"New York, Sept. 9, 1904.

"It is agreed between both parties that, should the certificate of the tenement house and building departments not be delivered in time the party of the second part [appellant] shall not hold the party of the first part [respondent] responsible or liable for any damages owing to sleeping incapacity and rent to be adjusted accordingly as agreed pro rate per month."

Whether or not this is to be regarded as a portion of the lease is immaterial.   Its only value is that it supports the contention of the plaintiff that the rooms were to be delivered to him October 1st in a completed condition, except possibly as to sleeping capacity, in which event the defendant should not be liable for damages arising from such "sleeping capacity."   The defendant himself testified that up to the time of the trial there were no tenants in the building, and that the apartments were not ready for occupancy owing to his failure to obtain the certificate aforesaid.   The defendant was therefore, on October 1st, and up to the day of the trial, unable to deliver possession of the premises to the plaintiff, and this inability was occasioned by the fault of the defendant alone, and he was therefore guilty of a breach of his agreement that he had power to let and would give the plaintiff possession of the premises.   Under the facts and circumstances disclosed by the testimony in this case it is clear that plaintiff had a right to rescind the contract, and to recover from the defendant the consideration advanced.   Mansfield v. R. R. Co., 102 N. Y. 205, 211, 6 N. E. 386; Friedland v. Myers, 139 N. Y. 432–436, 34 N. E. 1055.   It follows that the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.