FRANK v. MOREWOOD REALTY HOLDING CO.

(Supreme Court, Appellate Term, First Department. · March 4, 1915.)

LANDLORD AND TENANT (§ 129*)—RIGHT TO POSSESSION—FAILURE OF CONSIDERATION FOR RENT—RECOVERY.

Where a tenant paid the advance rent for the first month of a term, and the completion of repairs, which the landlord had agreed to make, kept him out of possession for two weeks, during which he paid a rent of $75 for another apartment, he could recover the rent for the use of the premises for such two weeks.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 450–457; Dec. Dig. § 129.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Leo Frank against the Morewood Realty Holding Company. Judgment for defendant, and plaintiff appeals. Reversed, and judgment awarded plaintiff.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Charles L. Greenhall, of New York City, for appellant.
Holt, Warner & Gaillard, of New York City (William D. Gaillard, of New York City, of counsel), for respondent.

GUY, J. On June 29, 1914, the plaintiff leased from the defendant an apartment in an apartment house in the borough of Manhattan, city of New York, for the term of three years, commencing October 1, 1914, at the annual rental of $2,000, payable in equal monthly pay-

ments in advance.   At the time of the execution of the lease the defendant gave the plaintiff a letter stating "that in consideration of the execution by you of said lease" the lessor agreed to make certain specified repairs throughout the apartment.   No time was stated when these repairs would be made.   On July 1st the plaintiff paid the monthly rental of $166.66 for October.   On October 1, 1914, the commencement of the term of the lease, when the plaintiff's wife went to the apartment, it was in the hands of defendant's carpenters and painters.   The floors were being ripped up, and the papers were being pulled down from the walls, and the apartment was occupied by these workmen making the repairs until October 15th, during which time it was not habitable by the plaintiff.

When the apartment was hired, and until the plaintiff obtained actual possession, after October 15th, the plaintiff resided at the San Jacinta apartment house, which was of the same general character of dwelling as the demised premises, and the rental of the San Jacinta apartment paid by the plaintiff for the two weeks from October 1st to October 15th was $75.   The action is based on the claim that because of his failure to obtain possession of the apartment from October 1st to October 15th, the plaintiff was damaged in the sum of $75, the rental actually paid by him for the San Jacinta apartment during that period.

The repairs which the landlord agreed to make to the demised premises, which were in the possession of another tenant down to the forenoon of October 1st, were the ordinary ones necessary to put an apartment in a clean, sanitary, and habitable condition for a new tenant, and the contract constituted by the lease and defendant's letter was a lease, not merely of the apartment itself, but of the apartment put in the condition called for by the repairs specified, from October 1, 1914. The defendant did not comply with its agreement, for no such apartment was ready for the tenant's occupancy on October 1st.   Two weeks elapsed before the landlord could comply with its agreement, and there was accordingly a failure of consideration for the rent paid by plaintiff for that period.   See Meyers v. Liebeskind, 46 Misc. Rep. 272, 91 N. Y. Supp. 725; Kopelman v. Gritman, 76 Misc. Rep. 188, 136 N. Y. Supp. 296.

Against the objection of the plaintiff the defendant showed that, about the time of the making of the lease, the plaintiff's wife was informed that the demised apartment was occupied by another tenant; that defendant's superintendent told her that the premises were hers from October 1st, and the repairs would be made as quickly as possible after she got possession of them; that as soon as he could get into the apartment he would make the repairs; that he thought there might be a chance of his getting possession about the 20th of September, so that he could begin work on it, and the plaintiff could get into it about the 1st of October.

These statements, made to the lessee's wife, in no way affected the legal duty of the defendant established by the written agreement, and do not show an agreement by the lessee to pay rent for a time during which he might be deprived of the possession of the apartment.   The landlord not only did the work called for by its agreement, but also

made repairs which were not included therein, ripping up the floors of the apartment for that purpose.

The proper measure of the damage sustained by the plaintiff was the value of the use of the apartment of which he was deprived from October 1st to October 15th by defendant's retention of the premises, an amount in excess of the damage alleged in the complaint.

The judgment must therefore be reversed, and judgment awarded the plaintiff in the sum of $75, with costs of the appeal and in the court below. All concur.

