163 EAST 36TH STREET CORPORATION, Respondent, *v.* FRANK PARKER STOCKBRIDGE, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1920, Term — filed January, 1921.)

**Counterclaim — landlord and tenant — failure to give possession — damages— evidence.**

> Where in an action to recover rent of an apartment under a written lease the evidence justifies a finding that because of the acts of the landlord, its contractors and servants, the tenant was not given possession of the apartment on time, he is entitled to counterclaim his damages for the time he was kept out of possession.

> Where the court refused to submit the counterclaim to the jury and directed a verdict in favor of the landlord for the amount of rent claimed, the judgment entered on the verdict will be reversed and a new trial ordered.

APPEAL by defendant from judgment of the City Court of the city of New York on verdict directed for plaintiff and from order denying motion for new trial.

Edwards, Murphy & Minton (Joseph F. Curren and John McKim Minton, Jr., of counsel), for appellant.

G. Arnold Moses, for respondent.

GUY, J.  In this action by landlord for rent of an apartment the tenant sought under his counterclaim to prove his damages for the landlord's failure to give him possession of the apartment for the period beginning October 1, 1919, the first day of the term, and December twelfth, following.  The lease, which is dated August 18, 1919, is of " the apartment known as the first floor of the building 163 East 36th Street,

New York City," for the term of three years, to be used and occupied by the tenant upon the condition mentioned in the lease.

The tenant testified that on October first he asked plaintiffs' treasurer McGrath when the tenant was going to be able to get into the premises and McGrath replied " within a week or ten days;" that on October first, there were no windows and no doors in the apartment; floors not laid; tile floors in the bathroom and kitchen not laid; hearths not laid; much of the plumbing not installed, and the plastering only partly done; that the tenant observed in the apartment various accumulations of lumber, door frames, window frames, doors, windows, mantles, flooring, tools and equipment for work of all kinds not pertaining to the apartment; that on September twenty-sixth he had put in some of his furniture, and that either on October first or subsequent thereto there was furniture belonging to other tenants of the building in the apartment; that the use of the apartment for the storage of building materials and other people's furniture was a continual process for many weeks. The tenant further testified that he was at the premises almost every day for some weeks after the first of October; that he saw McGrath there frequently during October and November; that on each occasion he asked McGrath when he was going to let the tenant into the apartment and that plaintiffs' treasurer replied either " in a few days " or " think one week or two weeks;" that once or twice McGrath said " you can positively get in here within a week or ten days;" and that McGrath would enter into explanation as to why he was unable to deliver the apartment, stating that it was because of delays encountered in the construction work; that the plastering was not completed until well toward the end of November, and the painting not done until

Appellate Term, First Department, January, 1921.   [Vol. 114.

December twelfth, and the carpenter work not finished until two days afterwards; that paints were mixed in one of the rooms; that he obtained the keys of the apartment December eleventh; that he frequently saw McGrath in the apartment after October first, also workmen doing plastering work and plumbing and other work.

The court refused to submit the counterclaim to the jury and directed a verdict for the landlord for $1,050, the amount of the rent claimed.

The tenant made out a *prima facie* case on his counterclaim. An apartment in a tenement house is let and hired for human habitation, and in the light of the law applicable to the construction and occupation of such houses and the proof given by the defendant is was undoubtedly the intention of the parties to the lease that the premises demised were a completed apartment, and not merely a space on the first floor without windows, doors or floors, bounded by unplastered walls and lacking the necessary plumbing. Further, the jury would have been authorized in finding that the tenant was prevented from taking possession because of the acts of the landlord, its contractors and servants. In either aspect the tenant waiving rescission would be entitled to his damages. *Meyers* v. *Liebeskind,* 46 Misc. Rep. 272; *Kopelman* v. *Gritman,* 76 id. 188; *Frank* v. *Morewood Realty Holding Co.,* 89 id. 425.

Lehman and Wagner, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.