NEW CHESTER THEATRE CORPORATION, Respondent, Appellant,
*v.* MARCUS BISCHOFF, Appellant, Respondent.

Second Department, June 19, 1924.

**Landlord and tenant — eviction — action by tenant to recover money deposited as security and for damages — defendant agreed to build building to conform to all requirements for moving picture theatres — plaintiff took possession under lease and when notified of defects requested defendant to remedy them — plaintiff's license was suspended because building failed to comply with legal requirements and it vacated — plaintiff was constructively evicted — fact that defendant succeeded in removing restrictions in part long after premises were vacated no defense — plaintiff is entitled to rescind on ground of misrepresentation — damages not shown — plaintiff is entitled to return of deposit, with interest, less rent for period occupied.**

In an action by a tenant to recover the amount deposited with the landlord as security for the payment of the rent and also for damages based on constructive eviction, eviction is shown entitling the tenant to recover the money deposited and to a rescission of the lease, where it appears that the defendant entered into an agreement with the tenant's predecessor to construct a building to be used as a moving picture theatre which would comply with all legal requirements; that after the building was erected the contract was assigned to the plaintiff and the lease was executed and the plaintiff took possession; that thereafter the plaintiff was notified that the building did not comply with the legal requirements for a moving picture theatre and he notified the defendant who promised to correct the defects; that the defendant failed to do so and the plaintiff's license was suspended and it vacated the building.

It is no defense to the action that the defendant took an appeal to the board of appeals and was successful in part in removing the restrictions after a period of several months.

While the complaint does not in terms ask for a rescission of the contract, the proof justifies it and in equity proper relief may be given and the lease rescinded on the ground of a misrepresentation of a material fact, though there was no allegation or proof of fraud.

The plaintiff is not entitled to recover damages since the proof does not show that it suffered any damage by reason of the eviction. The mere fact that it expended more money than it received during the time that it operated the theatre does not show damage, since the money might have been expended for furnishings.

The plaintiff is entitled to recover the amount deposited as security, with interest from the date of the deposit less the amount of the rent for the period occupied with interest thereon from the day it was due, and to a judgment foreclosing its lien upon the net amount.

CROSS-APPEALS by the defendant, Marcus Bischoff, and the plaintiff, New Chester Theatre Corporation, from a judgment of

the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 4th day of October, 1923, upon the decision of the court after a trial at the Kings Special Term.

The defendant appeals from the entire judgment and the plaintiff only in so far as it does not award a certain item of damages and awards to the defendant a certain amount for use and occupation of the demised premises.

*Hobart S. Bird*, for the plaintiff.

*George W. Files* [*Franklin Bien* with him on the brief], for the respondent.

Judgment unanimously affirmed, with costs, on opinion by Mr. Justice CROPSEY at Special Term.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ.

The following is the opinion of the court below:

CROPSEY, J.:

Plaintiff's assignor made a contract with the defendant by which the latter agreed to build a moving picture theatre according to certain plans and specifications and then lease it to the former for a term of fifteen years. The agreement provided that it might be assigned to a corporation to be formed, and thereafter it was assigned to the plaintiff. By the agreement the lease was not to be entered into until the building was fully completed, and it was expressly agreed that substantial completion should not be sufficient. As the agreement provided that the building should be a moving picture theatre, it of course had to comply with the provisions of the law and ordinances affecting such buildings. Besides, the specifications, made a part of the agreement, required that the building should comply with all the local and State laws, ordinances and departmental regulations. Some months after the agreement was made defendant notified plaintiff's assignor that the building was ready for occupancy and requested entry into the lease. Thereupon the agreement was assigned to the plaintiff and the latter entered into the lease with the defendant. By its terms the lease was not to begin until September first. Early in September plaintiff began the operation of the moving picture theatre, having obtained a license, which expired the following March. A few days after beginning its operation plaintiff was notified that the building did not conform in certain respects with the requirements of law and the regulations of the various departments of the city, and this information was at once conveyed to defendant, who agreed to attend to all the items except

one. The defendant, however, did not do the things required by this notice, and on October eleventh a notice was served upon plaintiff suspending its license because of the failure to have these things done or to procure an extension of time for the doing of them. Plaintiff thereupon was obliged to close the theatre. Before the end of October plaintiff vacated the premises and the defendant took possession and on November first following relet them. Plaintiff seeks to recover the deposit which was paid as security under the lease and also its damages. It claims to be entitled to judgment upon either of two grounds: (1) That it was constructively evicted, and (2) that it was entitled to a rescission of the lease. When plaintiff executed the lease and entered into possession it did not know that the building did not comply with all the legal requirements. It learned that only after it was in actual possession. Defendant then agreed to comply with the requirements, but did not do so. Instead he took an appeal to the board of appeals, where his appeal first seems to have been denied, but where a number of months later it was granted in part. This, however, was not until long after plaintiff had vacated the premises. Plaintiff was entitled to a building which in all respects complied with the law, and in consequence of defendant's failure to construct it accordingly plaintiff's license was suspended and it was prevented from continuing business. This worked a constructive eviction. (*Younger v. Campbell,* 177 App. Div. 403.) Plaintiff was not obliged to await the outcome of defendant's appeal, nor was it obliged to accept an indefinite and uncertain continuance of its license some days after it had been forced to close its theatre, although it was still in possession of the property. I am also of the opinion that the plaintiff is entitled to a judgment of rescission. The complainant does not in terms seek such relief, but the proof does justify it, and in such a situation in equity proper relief may be given. No fraud was shown, but in equity a rescission may be had where a contract was entered into upon a misrepresentation of a material fact, although there was no fraud. (*Bloomquist v. Farson,* 222 N. Y. 375.) Had the plaintiff known that the building was not constructed in accordance with the requirements it could have refused to have taken possession and could have sued to recover the deposit. (*Meyers v. Liebeskind,* 46 Misc. Rep. 272.) Having entered into possession without knowledge of the fact, plaintiff had the right to surrender possession as it did and to recover the deposit and any damages it had sustained. The proof, however, does not justify a finding that plaintiff suffered any damage. The court is not satisfied that the lease had any value. While the proof shows the plaintiff expended more money than it received

during the time the theatre was operated, there is nothing to show that the plaintiff suffered any damage. For all the record reveals the money might have been expended for furnishings, etc., which were of a continuing value to the plaintiff even after it surrendered possession. As it is held that the plaintiff was justified in vacating the property, there is no basis for defendant's counterclaim except to the extent of October's rent, which plaintiff did not pay and which amounted to $873.82. Plaintiff was in possession during the month and hence must pay the rent. Defendant does not contend that the original agreement was merged in the lease. The contention if made would, I think, be unsound. (See illuminating opinion on this subject in *Lambert* v. *Krum*, 121 Misc. Rep. 170.) The only points made by defendant are that the plaintiff abandoned the premises; that the plaintiff does not come into court with clean hands; that there was no proof of damage, and that incompetent evidence was received. The first point has already been answered. Plaintiff did not abandon the premises, but was evicted from them. The basis of defendant's second point is the claim that the plaintiff operated the theatre for a number of weeks without a license. This claim has no foundation in fact. The plaintiff's license ran until the following March, and it was not suspended until the very day plaintiff ceased to operate the theatre. It has already been pointed out that the plaintiff did not prove any damage other than its right to recover its security. The incompetent evidence claimed to have been admitted related only to the cost of doing the work which defendant had failed to do. Even if this proof was incompetent, it in no way affects the judgment, as the only purpose of it was to show the unfinished work did not consist merely of trifling details. The agreement provided that the deposit paid as security should be a lien upon the premises and should be returned to the plaintiff, with five per cent interest, after the time fixed as the expiration of the term of the lease, provided the plaintiff had complied with all its provisions. Plaintiff is, therefore, entitled to judgment finding it is entitled to recover the deposit of $9,000, with interest at five per cent from the date of its payment, less the sum of $873.82, the amount of the October rent, with interest thereon at six per cent from October 1, 1921, and to a judgment foreclosing its lien for the net amount. The plaintiff is also entitled to the costs. The findings and judgment should be settled upon notice, at which time, if there is dispute as to dates and amounts of the different payments making up the deposit, proof will be taken thereon.