STEPHEN F. KELLER, plaintiff in error, vs. JOHN DILLON, defendant in error.

If the Court gives an erroneous charge to the jury and the verdict be in conformity with the charge, the party against whom it is given, is entitled to a new trial; and it is error to charge the jury that if a claimant construct a wood rack on the right of way of a Railroad Company taken from the land so claimed, such structure or use of it, is evidence of possession of the land from which the right of way was taken.

. Ejectment, in Effingham Superior Court. Tried before Judge FLEMING, March Term, 1858.

This was ejectment by John Dillon against Stephen F. Keller, for a tract of pine land in Effingham county, situated on or near the Central Railroad, containing one hundred and eighty-four acres.

The testimony being closed, and the Court having charged the jury, they found for the defendant. Whereupon the plaintiff moved for a new trial, upon the following grounds :

1st. Because the verdict was contrary to law. .

2d. Because the verdict was contrary to the evidence.

3d. Because his Honor erred in charging the jury, that the erection and use of a *wood rack*, to sell wood to the Central Railroad within a few feet of the track of said road, was such evidence of possession and actual occupation by the defendant and those under whom he claimed, as to defeat the plaintiff's title, which was otherwise good.

4th. Because his Honor erred in charging the jury, that the erection and use of a *wood rack* on the premises, by the defendant, and those under whom he claimed, for seven years previous to the suit, was sufficient evidence of possession to defeat plaintiff's title otherwise good.

5th, and 6th. Because the verdict was without evidence, and contrary to the weight of evidence.

7th. Because since the trial, the plaintiff has discovered new evidence material to the issue, and not before known to him or in his power to procure by diligence.

To which decision counsel for defendant excepted.

JOHN M. MILLEN, for plaintiff in error.

LLOYD & OWENS, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

The Court below granted a new trial, on the ground of error in his charge to the jury, on the question of adverse possession. The jury under the evidence and charge of the Court found a verdict for the defendant. He defended on the ground of possessory title as well as title paramount. He had erected a wood rack on the right of way of the Central Railroad, cut wood from the land in dispute, hauled it to his rack and sold it to the Railroad Company for more than seven years. The plaintiff claimed, also, to have a good statutory title. The presiding Judge says, that he thinks his charge was in substance, that even, if the jury should find that at one time the plaintiff had a good statutory title, yet that title was defeated, if they should find that the defendant had erected a wood rack on the land, (although that wood rack was on the right of way of the Railroad,) for the purpose of selling wood to be cut from the land, and that the defendant and those under whom he claimed, did cut wood from the land and sell from said rack for the period of seven years. That, in such case, the statutory title of the plaintiff would be defeated by the statutory title of the defendant. The presiding Judge granted a new trial, on the ground that there was error in this charge to the jury. The charge was manifestly wrong, and, of consequence, the awarding of a new trial was right. When the Railroad Company acquires the right of way overland, the fee simple title vests in the company. The title as effectually passes

during the existence of the company, as if the owner had executed a deed of conveyance. An entry upon the right of way and erecting a wood rack thereon, is, therefore, an entry on the Railroad Company, and not an entry on the owner of the balance of the tract of land not taken for the right of way. If the construction of the wood rack and the open and continuous possession of it long enough to give a statutory title, gives a title against any one, it gives it against the company who is the owner; the bare possession of it without regard to the length of time, being a sufficient title ,against the world besides. In a contest of that sort, the company would be apt to show a permissive possession, which would harm no one. That the defendant cut and hauled wood from the premises in dispute to a rack on the land of another, and sold it there, is not such a notorious, visible and continuous possession, (even if the acts be continued throughout the statutory period, as such things are usually done, at intervals,) as is sufficient to apprize the owner that the trespasser is a claimant of the land. We affirm the judgment of the Court in awarding a new trial on this ground.

In the opinion delivered on the motion for a new trial, the presiding Judge does not say that he did not decide as stated in the first assignment of error in this record. He assigns a good reason why he ought not to have decided so, viz: that as the plaintiff's title depended upon the statute, it was the peculiar province of the jury to say whether under the evidence, a statutory title had been made out. But if the Court did so decide and charge the jury, there was error in that charge because it was an invasion of the province of the jury. Perhaps it was objectionable on another ground also. The Court says that the paper title of the defendant is complete from the grantee down to himself, and so it appears to be in the record before us. If so, and there was a house on the land which was occupied at intervals only, the presumption of law is, that during the time that it was not actually occupied, the possession was in him who had the

paramount title. Hence, every breach in the continuity of the possession of him who claims a statutory title only, is equivalent to the entry of the true owner on the premises, and the possession of him who claims a possessory title must date from the time of his re-entry, if he returns. It is unnecessary to say more, as the case goes back for another trial.

Judgment affirmed.