The Atlanta Cotton-Seed Oil Mills vs. Coffey.

---

The Atlanta Cotton-Seed Oil Mills vs. Coffey.

1. There was sufficient evidence to authorize the jury to infer negligence on the part of the defendant.

2. When the owner or occupier of land, by invitation express or implied, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by the unsafe condition of the land or its approaches, and under such an express or implied invitation, he

v-80—10.

must exercise ordinary care and prudence to render the premises reasonably safe for the visit.

3. The use of a dangerous substance in such a case, and one known so to be, is analogous to having a dangerous animal confined on the premises, and the burden would rest upon the proprietor to show that he exercised ordinary care to prevent such dangerous chem· ical from getting from the house into the mud in the private way, and becoming dissolved therein.

4. Where an amendment was made to a declaration, and a motion for continuance was made on the ground of surprise, there was no error in overruling it, counsel for defendant not stating that he was less prepared for trial than he would have been had not such amendment been made, and how, and that such surprise was not claimed for the purpose of delay.

5. If personal property were injured but not destroyed, loss of hire might be recovered as damages; but where the property was lost or destroyed by the negligent act of another, the measure of damages would be the full market value of the property at the time of the injury or loss, with interest thereon. It was, therefore, error to charge that whatever the horse which died from the injury would have made for hire from the time of the injury to that of his death, the owner would be entitled to recover.

(*a*) It is ordered that the plaintiff write off from the verdict recovered by him $22.50, the value of the hire shown, and that the judgment thereupon be affirmed.

November 29, 1887.

Evidence. Negligence. Torts. Charge of court. Nonsuit. Amendment. Continuance. Damages. Before Judge RICHARD H. CLARK. Dekalb superior court. August term, 1887.

Reported in the decision.

STEWARD & HARPER, L. W. THOMAS and J. H. LUMPKIN, for plaintiff in error.

H. C. JONES and ALEXANDER & TURNBULL, *contra*.

SIMMONS, Justice.

Coffey brought his suit against the Atlanta Cotton-Seed Oil Mills, for damages. The jury found in favor of the plaintiff, and a motion was made for a new trial and was

overruled by the court; and the defendant excepted, and assigns as error the overruling of this motion.

It appears, from the record in this case, that the defendant in the court below had given to the Orphans' Home a quantity of cotton-seed hulls, to be used as a fertilizer. The manager of the Orphans' Home employed Coffey to haul the hulls from the mill to the farm belonging to the Orphans' Home. It appears also that the defendant had sold at divers times to other persons quantities of these hulls, and that they had hauled them away from the mill. Coffey applied to the superintendent for permission to remove the hulls, and the permission was granted. There was a private way from the public road over the land of the defendant by which Coffey and others approached the mill. In a few feet from the mill-house there was a ditch over which there was a small bridge. Near this bridge, and between it and the mill, was a mud-hole. Coffey's team had made one trip on the morning on which it was alleged his horse was injured. In making the second trip, the horse stepped into the mud and immediately showed signs of pain. He was unhitched from the wagon and carried to a blacksmith, who examined his feet and discovered above the hoofs of two of his feet something like a scald or burn. On washing the feet, the water when applied produced something like the lather of soap. The record further discloses that, for the purpose of refining the oil, caustic soda was used; and the testimony showed that caustic soda, when dissolved in water, would burn animal flesh. There was no evidence going to show how the caustic soda got out of the mill-house into the mud; but there is no doubt, from the evidence in the case, that the horse's hoofs and ankles were severely burned by this caustic soda, and that he died from the effect of the burns. This, in substance, was the evidence upon the trial of the case.

1. We think that there was sufficient evidence to authorize the finding of the jury, taking into consideration

the fact that the horse was injured within a few feet of the mill, that caustic soda was used in the mill and would burn animal flesh, and the further fact that the defendant did not account nor attempt to account for its presence in the water or mud near its mill. The jury were authorized to infer negligence on the part of the defendant in allowing the dangerous substance to get from the mill to where it was.

2. It was insisted in the argument of the case before us that, while it may have been true that the horse was injured in the manner complained of in the declaration, yet the defendant was not liable, because Coffey was a mere licensee, and that the defendant owed him no duty to protect him or to warn him against this dangerous substance. We do not agree with the plaintiff in error in this view of the case. We do not think that Coffey was a mere licensee The rule of law is that, " when the owner or occupier of land, by invitation express or implied, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by the unsafe condition of the land or its approaches." Judge Cooley, in his work on Torts, page 605, says that when one, " expressly or by implication, invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit."

In this case, the evidence discloses the fact that it was a custom of this mill to sell these hulls, but in this particular instance the hulls were given to the manager of the Orphans' Home, and he was invited to haul them away, and sent Coffey to perform the work. It was therefore incumbent on the defendant, according to the rule above stated, to see that the approach to the mill was reasonably safe for the persons whom he had invited to come thereto. He knew the danger of the substance that he used in and

about his mill, and it was his duty to be careful to see that none of it escaped so as to injure the persons whom he had invited.

This case does not depend so much upon the doctrine of keeping roads in repair and reasonably safe, as it does upon another principle of law. As said before, this was a dangerous chemical used in and about this mill. The danger of it was known to the proprietors. It was the same as if they had had some dangerous animal confined on their premises. If they had had such a dangerous animal, and it had escaped and injured persons whom they had invited to the mill, they certainly would have been liable, unless they had shown that they had exercised reasonable care in keeping the animal. If they could show this, of course they would not be liable. Analogizing the dangerous chemical to a dangerous animal, they ought to have shown that they exercised ordinary care to prevent this dangerous chemical from getting from the house into the mud and becoming dissolved with it. It appears from the record, as said before, that they did not show or attempt to account for the way the chemical got from the house into the mud. It is true the superintendent and the president testified to the ordinary way of sweeping it up and putting it into the retort after it was broken into fragments, but no servants or employés were introduced as witnesses to testify as to whether it came from the house or not, and if it did, in what manner it got from the house, whether by their negligence or the acts of others not connected with the mill. We think, therefore, that the court was right in giving the charges complained of in the motion for a new trial.

4. There was no error in overruling the demurrer in the case; and there was no error in refusing the nonsuit. Nor was there any error in refusing to continue the case when the amendment to the plaintiff's declaration was made, on the ground of surprise, the defendant's counsel not stating that " he was less prepared for trial than he would have

been if such amendment had not been made, and how, and that such surprise was not claimed for the purpose of delay." Code, §3521.

5. The 9th ground of the motion is, because the court erred in charging the jury as follows: " Whatever the horse would have made for hire during that time (from the time of the injury to his death), he would be entitled to recover. " We think the exception to this charge is well-taken. The rule as laid down by the court in this charge would have been the proper rule in case the horse had been injured and not killed; but where the personal property is lost or destroyed by the negligent acts of another, the rule of damages is different. In the latter case he is entitled to recover the full value of the property lost or destroyed, according to the market rates current at the time of the loss, and interest on the same. He is also entitled to recover the expense of keeping the horse, medical attendance, medicines, and things of that sort; but he is not entitled to recover the hire during the sickness of the horse in case the horse dies. The full value of the horse and interest at the time of the injury or loss is the compensation the law allows him. Shearman & Redfield on Negligence, §603, and notes. As to the rule of damages where the property is injured but not destroyed, see 62 *Ga.* 679. In this case, the evidence shows that the hire of the horse for one month, the time he was sick, was worth $22.50. It is ordered that the plaintiff write off this amount from his verdict, and the judgment of the court below stand affirmed.

Judgment affirmed, with direction.