ARCHER *v.* BLALOCK *et al.*

The declaration, as amended, alleging in substance that the plaintiff suffered personal injuries because of the defective and dangerous condition of certain steps attached to a storehouse belonging to the defendants, which they had rented to another, that the plaintiff when injured was using these steps in the due course of his business with the tenant, that the steps constituted a platform used in common with other storehouses belonging to and occupied by the defendants, and that the defective and dangerous condition of the steps was well known to the defendants, and they had sufficient opportunity to have the same repaired but had neglected to do so, a cause of action was set forth, and it was error to dismiss the case on general demurrer.

February 7, 1896.

Action for damages. Before Judge Clark. Clayton superior court. March term, 1895.

*J. B. Hutcheson* and *W. C. Cousins*, for plaintiff.
*Dorsey, Brewster & Howell*, for defendants.

SIMMONS, Chief Justice.

J. M. Archer, on the 15th of February, 1892, filed his petition against Blalock & Morrow, in which he alleged: Defendants have damaged him $1,000. On the first Tuesday in March, 1891, they owned a storehouse in Jonesboro

on Main street and running back to a street on the west end
of the storehouse, which storehouse was then and is now
occupied by W. S. Archer as their tenant.   On the west
end of the storehouse the defendants had erected a platform
from which a set of steps led to the street, up and over
which customers were invited to enter the store for the pur-
pose of trading therein.   Defendants were bound to fur-
nish a safe way to enter the store, and to keep the same in
repair and safe for customers to enter and go out.   On said
day he entered the store, and, after transacting his business
there, went out and attempted to descend said steps.   He
stepped on a plank in the steps which was rotten and broke,
whereby he fell through the steps and sustained certain
injuries to his person, the nature and extent of which are
set out in the petition.   Defendants well knew of the de-
fective condition of the steps, and their attention was called
to it the day before petitioner was hurt.   It could have
been remedied in ten minutes, and yet, well knowing the
facts, defendants neglected to have the necessary repairs
made.   Petitioner did not know of any defect in the steps
or plank but thought it was safe, and did not have any idea
of danger, and walked on it and was hurt as above men-
tioned.   "The steps leading from the street to the platform
by which plaintiff was seeking to enter was a platform used
in common to reach the storehouse occupied by W. S.
Archer and other storehouses" of defendants and occupied
by them.

The court dismissed the petition on general demurrer,
and the plaintiff excepted.

Where the owner or occupier of land, by invitation ex-
press or implied, induces others to come upon his premises
for a lawful purpose, he is liable in damages to such persons
for injuries occasioned by the unsafe condition of the land
or its approaches; and under such an express or implied
invitation he must exercise ordinary care and prudence to
render the premises reasonably safe for the visit.   *Atlanta*

*Cotton Seed Oil Mills* v. *Coffey,* 80 *Ga.* 145; *Central Railroad & Banking Co.* v. *Robertson,* 95 *Ga.* 430.   Under our code, the duty of keeping rented premises in repair rests primarily upon the landlord.   (§2284.)   According to the allegations in the plaintiff's petition, the injury complained of was occasioned by a defective step in a platform erected by the defendants upon premises owned by them, and the platform and steps were intended to be used not only for the purpose of entering the storehouse occupied by their tenant, where the ·plaintiff had been transacting business on the occasion referred to, but for the purpose also of reaching other storehouses owned by them, and occupied by the defendants themselves.   It appears that the defendants knew of the defect which caused the injury, and had been notified of it in time to have made the necessary repairs before the injury occurred.   It further appears that the plaintiff did not know of any defect in the steps, but supposed they were safe.   Under the facts alleged, the plaintiff had a good cause of action, and the court erred in sustaining the demurrer.

Cited by counsel for plaintiff in error:  · 58 *Ga.* 206; 63 *Ga.* 612; 68 *Ga.* 40; 85 *Ga.* 146; 49 *Ga.* 272; 80 *Ga.* 145(2); Code, §2284; 126 Mass. 374; 54 N. H. 426; 70 Ill. 122; 49 Mich. 164; 53 Mich. 507; Buswell, Law of Personal Injuries, §90, Id. §81.   See 1 Tayl. Landl. & Ten. §175; 9 Allen, 17.

Cited for defendants in error:   Code, §§2277, 2284; 58 *Ga.* 204; 55 *Ga.* 180; 56 *Ga.* 20, 21; 38 *Ga.* 542(4); Buswell, Personal Injuries, §§90, 79, 80, 83, 115;   Bishop, Non-Contract Law, §852; 44 *Ga.* 251; 59 Barb. 497; 56 N. Y. 398; L. R., 2 C. P. Div. 311; 36 *Ga.* 14.

*Judgment reversed.*