### 1199.  McLAMB & COMPANY *v.* LAMBERTSON.

1. Parol evidence is admissible to identify the connection of a party or a circumstance with a written instrument sought to be introduced in evidence. Testimony that the witness applied for a homestead is not parol evidence as to the contents of the purported homestead.

2. Where only personal property is set apart as a homestead under § 2829 of the Civil Code, no record of the application is required in any county other than that of the applicant's residence when he applies.

3. The word "horse" is generic and includes mules and asses as species, but the term "mare" is not descriptive of a female of the species mule.

4. It is error to direct a verdict, unless no verdict can be found other than that rendered.

5. Neither an article of necessity furnished for the use of the family, nor even stock feed furnished to feed horses, which has been set apart as part of a homestead, comes within the constitutional exceptions under which homestead property may be subjected to sale.

Claim, from city court of Nashville—Judge Roan presiding. April 23, 1908.

Submitted July 15,—Decided July 25, 1908.

*Bush & Stapleton,* for plaintiffs.

*Hendricks & Christian,* for defendant.

RUSSELL, J. McLamb & Company foreclosed a mortgage of J. A. Lambertson, upon one dark bay mare about eight years old, and one dark bay mare mule about six years old, as the property of the mortgagor. J. A. Lambertson interposed a claim, as head of a family consisting of himself, his wife, and five children, alleging that the property levied upon was not his property, but was held in trust for his said family, because it had been set apart as a homestead by the ordinary of Worth county, under the provisions of the Civil Code, §2827. The mortgagees also filed an affidavit in aid of their foreclosure, asserting that the plaintiffs' debt fell within one of the classes for which the homestead is bound under the constitution, and amended their mortgage foreclosure by adding an itemized statement of the articles for which the mortgage was given, and by alleging that the articles furnished were for the benefit of the homestead exemption, and in the nature of purchase money. Upon the conclusion of the testimony, the trial judge directed a verdict finding the property not subject to the mortgage. The plaintiffs in error excepted, by direct bill of exceptions, to the admission of the testimony of the witness Lambertson, and of the certified copy of the homestead, and also to the refusal of the court to direct a verdict finding the property subject, as well as to the ruling of the court directing a verdict in favor of the plaintiffs.

We shall first consider the objections to evidence which the court overruled. The plaintiffs first objected to the testimony of Lambertson, to the effect that he then had a family of six children and a wife, all living, and that he applied for a homestead in Worth county. The objection urged was that the application for homestead was the best evidence. This objection seems to us without merit. The witness was not speaking of the contents of the homestead, but merely stating a preliminary fact, which identified him as the party referred to in the application, which must speak for itself. The plaintiffs, by their amendment, had admitted that the claimant had taken some kind of homestead, because they alleged in their amendment that the articles they had furnished were furnished for the benefit of the homestead. This

plainly appears in the affidavit of A. F. Shealy, a member of the plaintiff firm, which was filed April 23, 1908. The application directed to the ordinary and approved by him is, as insisted, the highest and best evidence as to what property, if any, was set apart as a homestead, and yet we do not think it would have been illegal for the court to permit the witness to be asked whether he ever took a homestead. When the certified copy of the original homestead was shown to the witness, he was permitted to testify that this paper was a copy of the original paper. The objection urged was that the copy would speak for itself. If there is any merit in this objection, there is at least nothing hurtful in the ruling to which the plaintiffs in error except. The exception was that the certified copy was the best evidence. The court's ruling did not conflict with this proposition, and the certified copy was immediately thereafter introduced, showing that one dark bay mare eight years old, of the value of $150, and one dark bay mare six years old, of the value of $150, were included in the schedule of the property attached to the application for homestead, approved by the ordinary of Worth county, December 3, 1906, and recorded by the clerk of the superior court of Worth county, January 30, 1907. The plaintiffs objected to the certified copy upon several grounds, and the judge temporarily withheld his ruling. The claimant was then recalled, and was permitted to testify, over the plaintiffs' objection, that the bay mare and the mule included in the mortgage are the same mare and mule that were set aside in the homestead. The objection urged to this testimony was that the claimant was seeking, by parol testimony, to vary the terms of a written instrument,—that is, to vary the terms of the homestead offered by the plaintiffs. If the objection had been confined to the mare mule, the objection, for reasons hereafter stated, would have been valid; but as the objection was only partly tenable, the court did not err in overruling it as a whole. The identity or lack of identity of an object can be shown by parol, regardless of the terms of description employed, provided the description in each case is legally identical. In such a case the written description is not affected or varied. The soundness of this rule will plainly appear when we consider that two pieces of property may be described exactly alike in two certain instruments, and may in fact be exactly alike, and yet may not be the same pieces of property.

For instance, A may mortgage a walnut roller-top desk to B, describing it minutely. B, upon foreclosing his mortgage, might levy the fi. fa. on a walnut roller-top desk belonging to C, made by the same manufacturer and in every respect like the one mortgaged by A, and yet A might have bought his desk at one time from one salesman, and C his at another time from another salesman, and A and C might not be acquainted with each other, and might never have had a single dealing with each other; and their desks, though identical in physical appearance, might bear no legal relation whatever to each other. Certainly, in such a case, C should be permitted to swear that his desk was not the desk mortgaged by A to B, although the two desks might be exactly alike in every conceivable respect.

The objections to the certified copy of the homestead were: (*a*) That the homestead is not recorded upon the minutes of the homestead record in the clerk's office of the superior court of Berrien county. (*b*) That the property levied upon is not described in the homestead. (*c*) That the homestead has never been supplemented by order of the court, as required by law. (*d*) That there is no proof showing that the property levied upon is the property set apart in the homestead. (*e*) The description in the homestead and the description in the mortgage show that it is quite different property; and the levy shows the same fact. We think that these objections were properly overruled for the following reasons.

Where a homestead is set apart in land, or where the homestead allowed under §2827 of the Civil Code consists partly of land and partly of personal property, the homestead must be recorded in each of the counties where any of the land is situated (Acts of 1898, pp. 52-53), but it is only when land outside of the applicant's residence is exempted that the homestead is to be recorded in any county other than that of the applicant's residence at the time that the homestead is allowed. As there was no property except personal property allowed under the homestead exemption in the present instance, the record in Worth county, which was made within thirty days after the approval of the ordinary, was sufficient.

The objections from *b* to *f* inclusive are directed to a single point. In the application for homestead the animals levied upon are described as "one dark bay mare, eight years old, value $150,"

and "one dark bay mare, six years old, value $150." In the mort-
gage and entry of levy the animals referred to are described as one
bay mare, eight years old, named Pet, and one bay mare mule,
about six years old, named Emma. The point of the plaintiffs' ob-
jection, therefore, though presented in several different forms, is
that the claim as to the bay mare mule, named Emma, can not be
supported by proof that a bay mare was set apart as exempt from
levy and sale. Counsel for the plaintiffs in error insist in their
brief that the "homesteader" had evidently sold the dark bay mare
six years old, and afterwards bought the bay mare mule, and that
the latter was therefore subject to the mortgage of the plaintiffs.

It was ruled in *Teal* v. *State*, 119 *Ga.* 104 (45 S. E. 964),
Judge Fish delivering the opinion, that "it is a matter of
common knowledge and observation that among our people the
word 'mare,' when used without a word of qualification, is under-
stood to mean a female of the horse species. We apprehend that
one rarely, if ever, hears the expression 'a mare horse' employed to
describe a female of the species horse, but that the term univer-
sally used, in this State, for this purpose is the single word 'mare.'
On the other hand, when a female of the species mule is intended,
the expression used is 'a mare mule,' and when a female of the
species ass is meant, the word 'jenny' is used." For this reason
the court erred in directing a verdict finding the mare mule not
subject to the fi. fa.

Another point raised by the record is the contention of the
plaintiffs that the property levied upon is not exempt, because the
account comes within the exceptions provided by the constitution,
and within one of the classes of debts which may subject a home-
stead to sale. There is nothing in the evidence upon this point

[Part of the matter that was originally contained in this opinion was withdrawn by the court after these pages and many subsequent ones had been electrotyped and finished for the press.]

which would have prevented the trial judge from directing a verdict. The only executions which can bring homestead property to sale are those based upon taxes, purchase-money of the property, debts for labor done thereon, or material furnished therefor, or for the removal of incumbrances. The contention of the plaintiffs in error was that the articles mentioned in their account were material furnished for the benefit of the homestead. We are sure, that while the shells mentioned in the account might have aided some member of the family in hunting and killing game, and the face powder might have contributed to their personal adornment, and the parasols might have been useful for protection, and the slippers useful for the purpose of domestic discipline as to the smaller children, and while the broom might have intimidated even the head of the family, the articles in the account were not sold or intended as material for improvement of the property set apart as the homestead. It is true there are several items of hay, oats, and other stock feed, but, taken as a whole, they constitute but a very small proportion of the account. The great bulk of the account is for articles of evident use and necessity to the members of the household, but the connection between their personal welfare and comfort and any improvement or maintenance of the articles of property set apart as a homestead is too dim and remote to be discoverable. In articles furnished for improvement of the homestead, improvements to realty alone are included.

*Judgment reversed.*