23680.   COPELAND *v.* McELROY.

DECIDED SEPTEMBER 17, 1934.

*J. E. Ensign, Mann & Mann,* for plaintiff.

*T. G. Head, McClure & McClure,* for defendant.

MACINTYRE, J. 1. The defendant demurred to plaintiff's petition, as amended, upon the ground *that it set forth no cause of action* against him. The court overruled the demurrer; and to this judgment *no* exception was taken by the defendant. This was an adjudication that the petition set out a cause of action against the defendant. *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (46 S. E. 674); *Staten* v. *General Insurance Exchange Cor.,* 38 *Ga. App.* 415 (144 S. E. 53); *Ellis* v. *Almand,* 115 *Ga.* 333 (41 S. E. 642); *McElmurray* v. *Blodgett,* 120 *Ga.* 9, 15 (47 S. E. 531); *Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 505 (46 S. E. 659); *Turner* v. *Cates,* 90 *Ga.* 731, 742 (16 S. E. 971); *Wheeler* v. *Board of Public Education for Americus,* 12 *Ga. App.* 152 (76 S. E. 1035); *Kimbro* v. *Ry. Co.,* 56 *Ga.* 187; *Henry* v. *Ashley-Price Lumber Co.,* 18 *Ga. App.* 493 (89 S. E. 601); *Allen* v. *Schweigert,* 113 *Ga.* 69 (38 S. E. 397); *Murphey* v. *Creamer,* 10 *Ga. App.* 593 (74 S. E. 61); *Sims* v. *Ga. Ry. & Electric Co.,* 123 *Ga.* 643 (51 S. E. 573); *Hollis* v. *Nelms,* 115 *Ga.* 5 (41 S. E. 263); *Kelly* v. *Strouse,* 116 *Ga.* 872, 891 (43 S. E. 280). Consequently, thereafter, when the case came on for trial and the plaintiff proved his case substantially as laid, it was improper for the trial judge to grant a nonsuit against the plaintiff. *Bibb Mfg. Co.* v. *Bashinski,* 40 *Ga. App.* 173 (149 S. E. 82); *Brooks* v. *Rawlings,* 138 *Ga.* 310 (75 S. E. 157); *McDuffie* v. *Ocean Steamship Co.,* 5 *Ga. App.* 125, 129 (62 S. E. 1008); *W. & A. R.* v. *Morgan,* 40 *Ga. App.* 611 (150 S. E. 850); *Elliott* v. *Adams,* 173 *Ga.* 312 (160 S. E. 336); *Davis* v. *Elliott,* 163 *Ga.* 169 (135 S. E. 731).

2. Plaintiff brought suit by his mother, as next friend. The petition as amended alleged that the plaintiff was injured while in the employment of the defendant, and while he was actively engaged in his duties in such employment; such injury being caused solely by the negligence of the defendant. It was alleged that the defendant operated and managed a skeet course for profit; that he hired the plaintiff to operate a spring or trap gun for the purpose of casting clay pigeons into the air to be shot at by the patrons of the defendant's club; that there were two of these spring guns, one

operated by the plaintiff and the other by another person; that the one operated by such other person, at the south end of the course, was in a negligent condition of disrepair, which defendant, as manager of said skeet course, well knew or by the exercise of reasonable care ought to have known, and at times did not throw the clay pigeons into the air properly; that when it became in this condition it did not throw the pigeons high into the air but threw them low and directly towards the house wherein was located the spring gun operated by the plaintiff; that the plaintiff had nothing to do with the operation of the other spring gun; that on the occasion on which plaintiff was injured the other gun became out of repair and threw the first pigeon low, and on the next throw the pigeon went low and towards plaintiff, and on defendant's patron shooting at the same, his shots were low and some lead shot went into the house where plaintiff was, through the window through which the pigeons were cast and through an open crack therein, and hit and injured plaintiff in the manner alleged; that it was his duty to prepare the clay pigeon and place it in the gun in the north end of the pent house, there to be fired by the firer; that he was in the act of reaching for a clay pigeon or skeet to place in the gun; that the firing was hurried and that he had not time to load the gun properly and that he was struck as he passed in front of a small aperture beside the aperture used for the skeet gun or trap to discharge its target through, and that it was customary for him to pass before this smaller aperture; that the defendant was negligent in allowing the skeet course owned and managed by him to be used by Joe Mansfield (a patron) while it was inadequately constructed and equipped so as to be inherently dangerous to employees hired to load skeets as he was hired; in omitting to place between the gunner and the skeet boys where they were at work adequate shields to securely protect them from possible gun fire; in leaving the range free and unobstructed so that shotguns carelessly pointed in their direction could seriously wound them. In a separate count in the petition it was alleged that defendant was negligent in permitting a patron drunk from an excess of alcoholic liquors to shoot at the pigeons, knowing of the defective and faulty condition of the spring gun operated by the other person, and making no effort to prevent his drunken patron from firing at the second pigeon which was flying low towards the house where the plaintiff was, all of which was known to the defendant.

·The plaintiff·having introduced evidence tending to substantiate the foregoing allegations, a verdict for the plaintiff would have been authorized under the evidence, and the case should have been submitted to the jury under proper instructions from the court, and the court erred in nonsuiting the plaintiff.

3. There was·evidence that the plaintiff's injury was brought about by his own failure to exercise ordinary care, in that he disobeyed the instructions of his employer, the defendant, by looking out of the window, when he was supposed, in the performance of his work, to remain at the side of his spring gun, which would have rendered it impossible for shot coming through the window to have struck him. However, except in plain and unmistakable cases, all questions as to diligence and negligence, including contributory negligence, and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury. *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759 (154 S. E. 718). It would be a question for the jury in this case whether the injury to the plaintiff was due to the defective spring gun or was due to the negligence of the defendant's patron at the gun club in shooting at the clay pigeon when it was flying low, in violation of the rules and customs of the gun club. A verdict for the defendant might well have been returned by the jury, but the evidence did not demand such a finding as would authorize a nonsuit.

4. "A nonsuit is not granted merely because the court would not allow a verdict for the plaintiff to stand. But if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit will be granted." Civil Code (1910), § 5942.

5. The evidence in this case did not support the holding by the trial judge, as to the alleged defective spring gun, that "If defective the injured party discovered the defects, and, in my judgment, assumed the risk when he operated the defective machine." The uncontradicted and undisputed evidence was that the defective spring gun was being operated by another, and not by the plaintiff, and there was no evidence to the effect that the plaintiff knew that this trap gun was defective.

6. The case under consideration is one for submission to a jury, and the trial judge erred in awarding a nonsuit against the plaintiff at the conclusion of his evidence.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., dissents.*

GUERRY, J., concurring specially. I agree to a judgment of reversal, but am of the opinion that the only allegation of negligence proved by the evidence was the defective condition of one of the machines which cast the birds to be shot. The question as to the use of due care to avoid the result of such alleged negligence was for the jury.