**828**

BLACKSHEAR MANUFACTURING COMPANY *v.* CARTER;
*et vice versa.*

Nos. 10432, 10433. APRIL 10, 1935. REHEARING DENIED AUGUST 10, 1935.

*Memory & Memory,* for plaintiff. *Farr & Mitchell,* for defendant.

RUSSELL, Chief Justice. Blackshear Manufacturing Company filed a petition against J. R. Carter, alleging substantially: In 1905 a constitutional homestead was set apart to the defendant in two described tracts of land aggregating 176 acres, for the benefit of his wife and minor children. His wife died, but before the youngest child became of age he remarried, and now said land stands for the benefit of his second wife and minor children. During 1928 and 1930 petitioner sold to defendant fertilizer to be used on said land, and which was used thereon in raising crops for the maintenance of defendant's family, and said fertilizer constituted material furnished for said homestead property. On May 1, 1930, defendant executed to plaintiff a note for $976.38, the amount due for said fertilizer, of which $875.23 is due and unpaid. The names of the beneficiaries of the homestead were set out in the petition. The plaintiff prayed for judgment against Carter for the amount due on the note, and that "the homestead property described . . be adjudged subject to the lien of this judgment." A copy of the note sued on was attached to the petition, and included a bill of sale of the crops to be grown by the maker within twelve months, one mule, and three head of cattle. The defendant demurred to the petition on the ground that it set forth no cause of action; that homestead property, such as alleged in the petition, can not be subjected to the payment of the debt alleged, to be due; that the debt declared upon affirmatively shows an individual obligation of J. R. Carter, and the plaintiff can not be heard to change, alter, or amend his solemn written contract. The court overruled the demurrer, and exceptions pendente lite were taken by the defendant.

After evidence introduced by the plaintiff, the court ordered a nonsuit. The plaintiff excepted; and the defendant by cross-bill assigned error on his exceptions pendente lite.

We agree with the statement of learned counsel for the plaintiff in error in their brief that the issues of law in this case are: "(1) Did the trial court err in overruling defendant's general demurrer? (2) Did the trial court err in granting defendant's motion for nonsuit?" We also agree with counsel that it is not "worth while to attempt to argue the two questions separately." It is admitted by counsel that "plaintiff's case stands or falls upon the construction that the court shall place upon the phrase, 'material furnished therefor.'" Had the court dismissed the petition on the demurrer, that would have ended the case; and we must rule first upon the point raised by the cross-bill of exceptions. This, not only for the reason that the controlling question as to the meaning of the phrase "material furnished therefor" was expressly raised by demurrer, but also because of the fact that but for this question of constitutional construction this court would be without jurisdiction. Art. 9, sec. 1, par. 1, of the constitution of 1877 declares: "No court or ministerial officer in this State shall ever have jurisdiction or authority to enforce any judgment, execution, or decree against the property set apart for such purpose [homestead], including such improvements as may be made thereon from time to time, except for taxes, for the purchase-money of the same, for labor done thereon, for material furnished therefor, or for the removal of incumbrances thereon." So far as the phrase "for material furnished therefor" is concerned, the meaning of the provision is doubtful by force of its own terms. It is necessary for this court to construe this phrase in order to determine whether or not fertilizer, as ordinarily purchased for the cultivation of a crop on a homestead, is such an "improvement" to homestead property as the framers of the constitution had in mind when they rendered the homestead liable "for material furnished therefor." The word "therefor" is rationally connected with the word "improvement." The reference to "material furnished" is vague and indefinite, and unlike other things which immediately precede it in the constitutional provision —the purchase-money of the same (the property set apart), and "labor done thereon," which has been properly construed in *Dicken* v. *Thrasher,* 58 *Ga.* 360, to include any and all labor done "thereon," that is, on the homestead property.

After a very careful consideration and examination of the authorities to which we have been cited, we have reached the conclusion that the words "material furnished" must be construed in connection with their associates, and that the framers of the constitution only intended to subject property set apart as a homestead for substantial, permanent material furnished for improvement to the property. Temporary assistance, such as is afforded by fertilizers to encourage larger yields of particular crops, is not a permanent or substantial improvement to the homestead, such as the erection of buildings or other things that might be mentioned, as add real value to the exempted property. Money advanced to pay the purchase-price either in whole or in part may be absolutely essential to the existence of a right to have the property set apart; and the same may be said of necessary improvements and repairs to the home, without which a homestead might be useless. The taxes must be paid. But material could be furnished, if there were no qualification, definition, or limitation on the word "therefor," which, if the property set apart was subjected thereto, would in many instances nullify the beneficent purpose of art. 9, sec. 1, par. 1, of the constitution of 1877, which declares: "There shall be exempt from levy and sale by virtue of any process whatever under the laws of this State, except as hereinafter excepted, of the property of every head of a family, or guardian or trustee of a family of minor children, or every aged or infirm person, or person having the care and support of dependent females of any age, who is not the head of a family, realty or personalty, or both, to the value in the aggregate of sixteen hundred dollars."

It is true this court has never expressly decided whether a homestead set apart by the terms of the constitution of 1877 is subject to a debt for fertilizer used thereon. And this because the question has not been presented. However, in *Wilcox* v. *Cowart,* 110 *Ga.* 320 (35 S. E. 283), it was held that property set apart as a homestead under the Code of 1895, § 2866 (Code of 1910, § 3416), is not subject to a debt for fertilizers used thereon. It must be presumed that the framers of the constitution, in using the words "material furnished," were familiar with the pony or statutory homestead. At least, it can not be assumed that they intended to refer to fertilizer as an exception which would subject the homestead to levy. *Crummey* v. *Bentley,* 114 *Ga.* 746 (40 S. E. 765),

was an action for land, in which the defendants attempted to avail themselves of the provisions of the improvements act of 1897 (Code of 1910, § 5587), and to set off as improvements the use of large quantities of fertilizer. Upon this point Mr. Presiding Justice Lumpkin, delivering the opinion of the court, said: "Another item consisted of a claim for improvement to the land by reason of fertilization. The court held that the defendants were not entitled to any allowance upon these claims; and we are of the opinion that, even giving to the act in question its widest possible scope and operation, the views entertained by the trial judge were undoubtedly sound." As we have already stated, there has been no ruling upon the exact point, but these decisions constrain us to hold that the purchase of fertilizers for use on homestead property creates no lien upon the homestead. These views are reinforced by strongly persuasive rulings in other jurisdictions. Effinger v. Kenny, 92 Va. 245 (23 S. E. 742); Wright v. Johnson, 108 Va. 855 (62 S. E. 948). It is stated in 31 C. J. 309, § 2, that "compensation, as for improvements, can not be claimed for . . commercial fertilizers, lime, etc., used on the land." The only executions which can bring homestead property to sale are those based upon taxes, purchase-money of the property, debts for labor done thereon, or for material furnished therefor, or for the removal of incumbrances. The contention of the plaintiff in error is that the fertilizers were material furnished for the benefit of the homestead. In articles furnished for improvement of the homestead, permanent improvements to realty alone are included. "Neither an article of necessity furnished for the use of the family, nor even stock feed furnished to feed horses, which has been set apart as part of a homestead, comes within the constitutional exceptions under which homestead property may be subjected to sale." McLamb v. Lambertson, 4 Ga. App. 553 (5), 559 (62 S. E. 107). The court erred in overruling the demurrers to the petition, and the judgment upon the cross-bill must be reversed. We do not mean to hold that the plaintiff may not recover judgment upon its note against J. R. Carter individually, and obtain a foreclosure upon the property embraced in the bill of sale executed by Carter as an individual.

In view of the ruling upon the cross-bill, the main bill of exceptions will be dismissed.

*Judgment upon the cross-bill of exceptions reversed; main bill of exceptions dismissed. All the Justices concur, except Atkinson, J.; who dissents.*