## BRIDGES *v.* BRACKETT *et al.*

ALMAND, Justice. Garland Bridges, in December, 1948, brought an equitable petition against Ralph Brackett et al., seeking to enjoin the defendants from trespassing on a tract of 28 acres of land in land lot 1002 of the 11th district, 1st section of Lumpkin County, and to quiet the plaintiff's title to said tract. The plaintiff alleged that he had acquired title to said tract on March 11, 1918, by a warranty deed from Martha Saine, and also that he had acquired a prescriptive title by adverse possession thereof for more than 20 years. General demurrers of the defendant were sustained, and on a writ of error to this court it was held that the petition failed to allege title by reason of the deed relied on by the plaintiff, but that the petition as amended alleged sufficient facts to support the plaintiff's claim that he had been in actual adverse possession of the tract for more than 20 years, and thus alleged a good prescriptive title to the land. *Bridges* v. *Brackett*, 205 *Ga.* 637, 641 (54 S. E. 2d, 642). On the trial before the judge and a jury, the plaintiff offered an amendment to his petition, which in substance alleged that, after the institution of the present suit, he had received two deeds from certain named parties alleged to have owned the tract of land in question; and this amendment was disallowed by the court on April 18, 1950. No exceptions pendente lite were filed to the order disallowing the offered amendment. The plaintiff testified that there had never been a house on the 28-acre tract; that he had never lived upon said tract; that he had never cultivated any part thereof, or built anything on it, nor had it ever been fenced in, and all that he had ever done in regard to the same was to cut firewood on the tract, and put out occasional fires thereon. There was also evidence that all that the persons under whom the plaintiff claimed had done in regard to this tract was to cut firewood and timber therefrom. After introduction of the plaintiff's evidence, the court granted a nonsuit. During the term at which the case was tried, the plaintiff, on September 9, 1950, filed a motion to vacate the judgment of nonsuit and reinstate the case, on the grounds: (a) the judgment of nonsuit was contrary to law; (b) the evidence made out a prima facie case; (c) the court erred in disallowing the amendment of April 18, 1950; (d) the court

erred in excluding from evidence the deeds referred to in said amendment; and (e) the court erred in granting a nonsuit. The exception here is to a judgment refusing to reinstate the case. *Held:*

1. The order of the court of April 18, 1950, disallowing the amendment offered by the plaintiff, being unexcepted to, became the law of the case, and the complaint that the court erred in disallowing the amendment did not constitute a meritorious ground to set aside the judgment of nonsuit and reinstate the case. Nor does the ground that the court erred in refusing to admit in evidence, the deeds referred to in the disallowed amendment constitute a meritorious ground to reinstate the case. See, in this connection, *Kelly* v. *Strouse,* 116 *Ga.* 872 (7) (43 S. E. 280); *Georgia Northern Ry. Co.* v. *Hutchins & Jenkins,* 119 *Ga.* 504 (46 S. E. 659); *Palmer* v. *Jackson,* 188 *Ga.* 336 (4 S. E. 2d, 28).

2. It appearing without dispute from the evidence introduced by the plaintiff that the only use by him of the 28-acre tract of land in question was to cut firewood and put out fires at different times, and that there had never been a house on the tract, nor had the same ever been cultivated or enclosed, such evidence was insufficient to show actual adverse possession on his part. *Denham* v. *Holeman,* 26 *Ga.* 182 (71 Am. D. 198); *Keller* v. *Dillon,* 26 *Ga.* 701; *Joiner* v. *Borders,* 32 *Ga.* 239; *McCook* v. *Crawford,* 114 *Ga.* 337 (2) (40 S. E. 225); *Shahan* v. *Watkins,* 194 *Ga.* 164 (3) (21 S. E. 2d, 58). Since the sole claim of the plaintiff that he had title to the 28-acre tract was based on his claim of actual adverse possession for more than 20 years, and the evidence was entirely insufficient to support such claim, it was not error for the court to grant a nonsuit, and there was no abuse of discretion in refusing to reinstate the case.

*Judgment affirmed. All the Justices concur.*

No. 17758. Argued February 11, 1952—Decided March 10, 1952.

*E. C. Brannon* and *B. Frank Whelchel,* for plaintiff.

*Emory F. Robinson* and *Wheeler, Robinson & Thurmond,* for defendants.