36811.   SHANNON *v.* BIGELOW-SANFORD CARPET COMPANY, INC.

Decided October 4, 1957.

A. *Cecil Palmour,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* contra.

CARLISLE, J. While a petition must be construed on general demurrer most strongly against the plaintiff, this rule of construction is applicable only where the allegations are ambiguous and open to construction. *Wolf* v. *Arant,* 88 *Ga. App.* 568, 570 (77 S. E. 2d 116). A rule which is equally as well established as the foregoing is that on general demurrer the facts alleged in the petition must be taken as true, and unless an inference of contributory negligence on the part of the plaintiff is demanded, that question is one for the jury. *Doby* v. *W. L. Florence Construction Co.,* 71 *Ga. App.* 888, 889 (5) (32 S. E. 2d 527). This last rule is but a branch of the broad general rule to the effect that questions of diligence and negligence, including contributory negligence, are questions peculiarly for the jury and they ought not to be decided on general demurrer except in plain, palpable and indisputable cases. *De Golian* v. *Faulkner,* 74 *Ga. App.* 866, 869 (41 S. E. 2d 661); *Atlanta & W. P. R. Co.* v. *McDonald,* 88 *Ga. App.* 515, 519 (76 S. E. 2d 825). The allegations in the instant petition are not ambiguous and there is no question that the plaintiff was, under the facts alleged, and as against a general demurrer, an invitee of the defendant. *Smith* v. *Jewell Cotton Mill Co.,* 29 *Ga. App.* 461 (116 S. E. 17); *Coffer* v. *Bradshaw,* 46 *Ga. App.* 143 (6) (167 S. E. 119).

Where the owner or occupier of land by express or implied invitation induces or leads others to come on his premises for any lawful purpose, he is liable in damages to such person for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe. *Atlanta Cotton-Seed Oil Mills* v. *Coffey,* 80 *Ga.* 145 (4 S. E. 759, 12 Am. St. R. 244); *Central R. & Bkg. Co.* v. *Robertson,* 95 *Ga.* 430 (22 S. E. 551); *Archer* v. *Blalock,* 97 *Ga.* 719 (25 S. E. 391); *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (58 S. E. 1060); *Rollestone* v. *Cassirer & Co.,* 3 *Ga. App.* 161 (59 S. E. 442); *Bass* v. *Southern Enterprises Inc.,* 32 *Ga. App.* 399 (123 S. E. 753). The owner of land owes a duty to an invitee to protect him against injury, and he must keep the premises free from pitfalls and mantraps (*Mandeville Mills* v. *Dale,* supra; *Rollestone* v. *Cassirer & Co.,* supra); and the owner of premises is liable for injuries resulting from dangerous conditions existing on the premises (*Southern Paramount Pictures Co.* v. *Gaulding,* 24 *Ga. App.* 478, 101 S. E. 311; *Crossgrove* v. *A. C. L. R. Co.,* 30 *Ga. App.* 462, 118 S. E. 694; *Cuthbert* v. *Schofield,* 35 *Ga. App.* 443, 133 S. E. 303; *Wynne* v. *Southern Bell Telephone &c. Co.,* 159 *Ga.* 623, 126 S. E. 388); or from injuries received as a result of defective construction (*Ross* v. *Jackson,* 123 *Ga.* 657, 51 S. E. 578). Constructive knowledge of any defect causing an injury is sufficient to charge the defendant with liability therefor. *Atlanta Paper Co.* v. *Sigmon,* 82 *Ga. App.* 730, 733 (62 S. E. 2d 363). A slight deviation by the plaintiff from the exact route that he would ordinarily take in entering on or leaving the defendant's premises does not render the invitee a trespasser nor relieve the defendant from its duty to protect him from hidden danger (*Smith* v. *Seawright,* 33 *Ga. App.* 336, 126 S. E. 301; *Greenfield* v. *Watson,* 54 *Ga. App.* 9, 187 S. E. 183); and the duty of the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until he becomes aware of such negligence or in the exercise of ordinary care should have become aware of it. *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802).

Under the allegations of the petition in this case, the plaintiff was an invitee at a place on the defendant's premises where he had a perfect right, and should have been expected by the de-

fendant, to be. We cannot say as a matter of law under the rules of law above stated that the plaintiff in placing his hand on the frame of the glass panel and gently pressing thereon was guilty of such contributory negligence in so doing as to be barred from a recovery. In the absence of a special demurrer calling for more particular and detailed averments, the negligence of the defendant was sufficiently set out in the petition. Paraphrasing the language used by Justice Lumpkin in *Mayor &c. of Jackson* v. *Boone,* 93 *Ga.* 662, 665 (20 S. E. 46), it is almost human nature for a person passing in or out of a doorway to place his hand on the facing or the frame thereof and to perhaps lean on it or exert some gentle pressure thereon while pausing to engage in conversation, and while we do not mean to say that in every instance where one is injured as the result of such action he would be entitled to recover, certainly under the facts alleged in this petition it was a jury question as to whether the plaintiff ought to recover.

Under the allegations of the petition, the defendant, being the owner and in possession of the building of which the defective appurtenance was a part, was in a better position than the plaintiff to have notice of the defect, and under its duty to make a reasonable inspection it should have discovered the alleged defect. On the other hand the plaintiff was under no duty to inspect the premises, and at most had the duty to observe them in passing to and fro. He alleged that, to the casual observer, the structure surrounding the glass panel gave the appearance of having great strength. Under the allegations he was entitled to rely on the defendant not to entrap him with a structure adjoining his route of passage so defective that it collapsed when gentle pressure was applied to it by him with his hand.

The trial court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*