38403.   HARVILL v. SWIFT & COMPANY.

Decided September 7, 1960—Rehearing denied
October 10, 1960.

544

*Ward, Brooks & Williams, Cullen M. Ward, Wilson Brooks, Osgood O. Williams,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Sam F. Lowe, Jr.,* contra.

CARLISLE, Judge. Upon the trial of the case, the plaintiff's evidence tended to prove substantially the facts alleged in the petition, that is, that her husband arrived at the plant of the defendant at about 11:30 on the night in question; that he was admitted to the premises by a night watchman and was assisted in unloading cattle by a colored employee of the defendant, these two persons being the only employees of the defendant who were shown to have been seen by the plaintiff's husband on the occasion of this visit; that after he had completed unloading the cattle, he stepped from the loading dock at the right rear of his truck, preparatory to re-entering his truck and returning to South Georgia for the purpose of picking up another load of cattle which he intended to bring in later that night or early the next morning, and that immediately upon stepping from the dock, his right foot and leg entered the manhole and he fell with his right foot and leg in the manhole and his left foot and leg out and was rendered temporarily unconscious as the result of the fall, but later regained consciousness and extricated himself from the manhole and was found walking around in a dazed condition some twenty minutes after the un-

loading operation by the employee who had assisted in unloading the cattle, and this witness testified that the plaintiff's husband's right trouser leg was dirty and wet, and his right leg was bleeding. The evidence shows that the premises where this took place were exclusively in the possession and control of the defendant corporation, and that it had been the custom on previous occasions for the defendant's employees to remove the manhole cover in question in order to facilitate the drainage of water from the area adjacent to the loading dock.

The evidence would have authorized a jury to find that the plaintiff's husband had sustained severe and painful injuries as the result of this occurrence, and that the services rendered to the plaintiff by her husband had been diminished as the result of these injuries and that the plaintiff had also lost some or all of her rights of consortium.

There being no exception to the judgment of the trial court overruling the general demurrers, it is established as the law of the case that the petition as originally drawn set forth a cause of action. *Kelly v. Strouse & Bros.,* 116 Ga. 872 (7) (43 S. E. 280); *Bridges v. Brackett,* 208 Ga. 774 (1) (69 S. E. 2d 745); *Copeland v. McElroy,* 49 Ga. App. 490, 491 (1) (176 S. E. 67); and *Davidson v. Consolidated Quarries Corp.,* 99 Ga. App. 359, 383 (108 S. E. 2d 495). Applying the same rule of law to the judgment of the trial court allowing the amendments prior to the submission of the case to the jury, such amendments, if material, became a part of the petition and must be considered by this court in determining whether the proof corresponded with the allegations of the petition as originally drawn and as thus amended.

As originally drawn, the petition alleged that the manhole cover in question was removed by the defendant. Upon the trial, however, no direct evidence as to who removed the manhole cover was introduced. The defendant moved for a directed verdict, one of its grounds being this so-called failure in proof of an alleged fact. The plaintiff then undertook to amend the petition so as to allege merely that the manhole cover had been removed, and this amendment was allowed. Much ado is made by the defendant in error with respect to the failure of the evi-

dence in this case to show by whom the manhole cover was removed, but as we view this case this is not a material issue.

As pointed out above, the evidence showed conclusively that the defendant had exclusive control over the premises whereon the injury occurred, at least at the time of the injury, since the plaintiff's husband testified without dispute that he approached the gates of the defendant's plant and had to wait to be admitted by the defendant's night watchman. Obviously, under this evidence, the place where the injury occurred was not a public place, and from such evidence when considered in connection with the plaintiff's evidence that the manhole cover had been removed by the defendant's employees on previous occasions for the purpose of facilitating the drainage of water from the area, a jury would have been authorized to infer that the manhole cover was removed on the occasion in question by employees of the defendant. That the plaintiff's husband was an invitee of the defendant under the facts alleged and proved cannot be disputed. *Horton & Smith v. Harvey,* 119 Ga. 219 (46 S. E. 70) ; *Smith v. Jewel Cotton Mill Co.,* 29 Ga. App. 461 (2) (116 S. E. 17). The defendant owed him the duty of exercising ordinary care to keep the premises and approaches safe. *Code* § 105-401. "Where the owner or occupier of land by express or implied invitation induces or leads others to come on his premises for any lawful purpose, he is liable in damages to such person for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe. *Atlanta Cotton-Seed Oil Mills v. Coffey,* 80 Ga. 145 (4 S. E. 759, 12 Am. St. Rep. 244) ; *Central R. & Bkg. Co.* v. *Robertson,* 95 Ga. 430 (22 S. E. 551) ; *Archer v. Blalock,* 97 Ga. 719 (25 S. E. 391) ; *Mandeville Mills v. Dale,* 2 Ga. App. 607 (58 S. E. 1060) ; *Rollestone v. Cassirer & Co.,* 3 Ga. App. 161 (59 S. E. 442) ; *Bass v. Southern Enterprises Inc.,* 32 Ga. App. 399 (123 S. E. 753). The owner of land owes a duty to an invitee to [exercise ordinary care to] protect him against injury, and he must [exercise ordinary care to] keep the premises free from pitfalls and mantraps (*Mandeville Mills v. Dale,* supra; *Rollestone v. Cassirer & Co.,* supra) ; and the owner of premises is liable for injuries resulting from dangerous conditions existing on the premises [as the result

of his failure to exercise ordinary care] (*Southern Paramount Pictures Co. v. Gaulding*, 24 Ga. App. 478, 101 S. E. 311; *Crossgrove v. A.C.L.R. Co.*, 30 Ga. App. 462, 118 S. E. 694; *Cuthbert v. Schofield*, 35 Ga. App. 443, 133 S. E. 303; *Wynne v. Southern Bell Telephone &c. Co.*, 159 Ga. 623, 126 S. E. 388) ; or from injuries received as a result of defective construction (*Ross v. Jackson*, 123 Ga. 657, 51 S. E. 578). Constructive knowledge of any defect causing an injury is sufficient to charge the defendant with liability therefor. *Atlanta Paper Co. v. Sigmon*, 82 Ga. App. 730, 733 (62 S. E. 2d 363). A slight deviation by the plaintiff from the exact route that he would ordinarily take in entering on or leaving the defendant's premises does not render the invitee a traspasser nor relieve the defendant from its duty to protect him from hidden danger (*Smith v. Seawright*, 33 Ga. App. 336, 126 S. E. 301; *Greenfield v. Watson*, 54 Ga. App. 9, 187 S. E. 183) ; and the duty of the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until he becomes aware of such negligence or in the exercise of ordinary care should have become aware of it. *Western & Atlantic R. Co. v. Ferguson*, 113 Ga. 708 (39 S. E. 306, 54 L. R. A. 802)." (Matter in brackets added). *Shannon v. Bigelow-Sanford Carpet Co.*, 96 Ga. App. 458, 461 (100 S. E. 2d 478).

The defendant being charged with this duty, it is immaterial, therefore, who removed the manhole cover, if the defendant, in the exercise of ordinary care, should have discovered that it had been removed and should have either replaced it or placed barricades or warning lights around it. Whether the defendant exercised the requisite care under these circumstances was a jury question. Likewise, whether the failure of the defendant to exercise ordinary care in these particulars, if in fact it did so fail, was the proximate cause of Mr. Harvill's injuries, and whether he was guilty of such contributory negligence in failing to observe the hazard before stepping into it as to be barred of a recovery were also jury questions and none of these questions should have been decided by the court by directing a verdict unless the evidence with all its reasonable inferences and deductions pointed to but one result. *McLamb & Co. v. Lambert-*

548

*son,* 4 Ga. App. 553 (4) (62 S. E. 107) ; *Lay-Hall Grocery Co. v. Johns,* 173 Ga. 695 (161 S. E. 354).

The evidence in this case was conflicting, but it did not demand a verdict for the defendant, and it follows that the trial court erred in directing a verdict for the defendant.

*Judgment reversed. Gardner, P. J., Townsend and Frankum, JJ., concur.*